Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports.  Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued February 11, 2008          Decided April 18, 2008

No. 07-7065

JOHN E. DRAIM, ET AL.,
APPELLEES

v.

VIRTUAL GEOSATELLITE HOLDINGS, INC.,
DELAWARE CORPORATION AND
MOBILE COMMUNICATIONS HOLDINGS, INC., DELAWARE
CORPORATION,
APPELLANTS

———

Appeal from the United States District Court
for the District of Columbia
(No. 01cv02690)

———

*Thomas E. Patton* argued the cause and filed the briefs for appellants.  *Neal Goldfarb* entered an appearance.

*Mary C. Zinsner* argued the cause and filed the brief for appellee.

Before: ROGERS, BROWN and GRIFFITH, *Circuit Judges*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: John E. Draim sued Virtual Geosatellite Holdings, Inc. and Mobile Communications Holdings, Inc. (collectively "Virtual Geo") for breach of contract by failing to pay him bonuses upon issuance of certain patents. Virtual Geo interposed three defenses, including that Draim was not entitled to the bonuses because he had breached his employment contract. The magistrate judge rendered judgment for Draim on all but one of his bonus claims. However, although finding that a contract existed, requiring that Draim assign to Virtual Geo ownership rights in all the work performed as its employee in return for certain bonuses, the judge never determined whether Draim's conduct breached the contract and thereby disqualified him from collecting under it. Accordingly we reverse.

**I.**

The underlying dispute arises from Draim's claimed entitlement to bonuses for patents that were issued based on applications filed while he was employed by Virtual Geo. In 1992, Draim began working as a consultant for Mobile Communications Holdings, Inc. ("Mobile"). He signed an employment contract with its president, David Castiel, under which Draim agreed to assign to Mobile all rights in his inventions conceived during the term of the contract and Mobile agreed to pay Draim a bonus of up to $2,000 upon the filing of a patent application, and a bonus of up to $10,000 upon the successful issuance of any patent. According to the contract, each bonus would be divided by the number of co-inventors listed on the patent application. Draim worked for Mobile as a consultant through June 1997.

In July 1997, Draim became a salaried employee of Mobile and its affiliate Virtual Geosatellite Holdings, Inc., but a written employment contract was never signed. Instead, during Draim's employment, the parties continued to operate with the understanding that Draim's inventions would be assigned to Virtual Geo and that he would be paid up to $2,000 for each patent application and up to $10,000 for each successful issuance of a patent. At some point during Draim's employment, the maximum bonus for filing a patent application increased to $2,500 and the maximum bonus for the issuance of a patent increased to $12,500.

On May 24, 2000, Draim terminated his employment and one day later began to work for VGS, Inc., a Delaware corporation created by Peter Sahagen, a minority shareholder of Virtual Geosatellite, LLC, in which Virtual Geosatellite Holdings, Inc. is a member; VGS later became known as Space Resources America Corporation ("Space Resources"). Around the time of Draim's resignation, several other Virtual Geo employees also left to work for VGS. During the summer of 2000, Castiel and Sahagen were engaged in litigation before the Delaware Chancery Court regarding Sahagen's attempt to merge Virtual Geosatellite, LLC into VGS. On August 31, 2000, the Delaware Chancery Court invalidated the merger and enjoined VGS from continuing to assert ownership or control over Virtual Geo's property.

At the time Draim terminated his employment with Virtual Geo, there were numerous outstanding patent applications in which he was a named inventor. These applications have since resulted in the issuance of eleven patents, all of them naming Virtual Geo as assignee. Draim is listed as either the sole inventor or as one of three or four inventors on these patents. Two of these patents are divisional patents, which occur when the U.S. Patent and Trademark Office ("Patent Office") breaks

down a single application into different parts resulting in the issuance of multiple patents. *See* 35 U.S.C. § 121. Draim has not been paid a bonus for the issuance of any of these patents.

Also, in February 2000, three months before Draim resigned, Draim and Castiel filed a provisional patent application for an invention called the "168 slot" invention. A provisional patent application is essentially a placeholder filed with the Patent Office after which an applicant has one year to file the actual patent application. In this application, Castiel and Draim were listed as co-inventors. In November 2000, Space Resources filed an "interfering" patent application for the "168 slot" invention, naming Draim as the sole inventor. Subsequently, in February 2001, Castiel filed an application for the same invention, but did not name Draim as an inventor. Ultimately the patent was issued to Virtual Geo as assignee and Draim was not listed as an inventor. Draim was never paid a bonus for the issuance of the "168 slot" patent.

In October 2001, Draim sued Virtual Geo in the district court for the Eastern District of Virginia; the case was transferred to the District of Columbia pursuant to 28 U.S.C. § 1631. Virtual Geo, in turn, sued Draim in the D.C. Superior Court; this case was removed to the federal court pursuant to 28 U.S.C. § 1441(a) and consolidated with Draim's complaint. In 2005, the parties agreed to limit their claims to whether Draim is entitled to bonus payments for patents in which he is a named inventor that issued after he resigned from Virtual Geo. Virtual Geo interposed three defenses: (1) Draim has already been paid more than he is entitled to receive; (2) Draim is not entitled to payments on divisional patents; and (3) Draim breached his employment agreement and "cannot seek the fruits of an agreement which he willfully breached." Joint Pretrial Statement at 4 (Mar. 17, 2006).

On May 15, 2006, a magistrate judge awarded Draim bonuses for the patents issued after his resignation.[1] The judge denied him a bonus for the "168 slot" patent because his employment contract did not address provisional patent applications. Rejecting Virtual Geo's defenses that Draim had already been paid more than he was entitled to receive under his employment contract and that Draim was not entitled to bonuses on divisional patents, the magistrate judge found that "even if Draim owed a fiduciary duty to [Virtual Geo], . . . enforcement of the contract cannot be denied on the ground that Draim breached any such fiduciary duty by participating in a conspiracy." *Draim v. Virtual Geosatellite Holdings, Inc.*, 433 F. Supp. 2d 99, 103 (D.D.C. 2006).[2]

---

[1] Although the allegation in the complaint that Draim is a resident of Virginia was insufficient to establish subject matter jurisdiction based on complete diversity, *see Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006), we grant his unopposed motion to amend paragraphs 3 and 6 of his complaint to allege, respectively, that "Plaintiff Draim is an individual who is resident in, and a citizen of, the Commonwealth of Virginia" and "Defendant Castiel is an individual who resides in, and is a citizen of, Washington, D.C." *Dist. of Columbia ex rel. Am. Combustion Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1044 (D.C. Cir. 1986); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989); 28 U.S.C. § 1653.

[2] The magistrate judge denied Virtual Geo's motion for a new trial, which was based on the Patent Office's subsequent grant of Virtual Geo's *ex parte* request for reexamination of a patent issued to Draim and assigned to Space Resources as being duplicative of a Virtual Geo patent, finding that the reexamination was not newly discovered evidence and that any relief must be sought pursuant to Fed. R. Civ. P. 60. The judge denied Virtual Geo's Rule 60(b) motion for lack of jurisdiction after Virtual Geo had filed a Notice of Appeal, *see Draim v. Virtual Geosatellite Holdings, Inc.*, No. 01-2690, 2007 WL 2774703 (D.D.C. Sept. 24, 2007), and upon reconsideration

## II.

If Draim engaged in conduct that constituted a material breach of his employment contract, then he is not entitled to payment of bonuses under the contract. "A total breach may be . . . by such a material failure of performance when due as to go to the essence and frustrate substantially the purpose for which the contract was agreed to by the injured party." *Keefe Co. v. Americable Int'l, Inc.*, 755 A.2d 469, 475 (D.C. 2000) (quoting *San Carlos Irrigation & Drainage Dist. v. United States*, 23 Cl. Ct. 276, 280 (1991)) (internal quotation marks omitted); *see also* 23 WILLISTON ON CONTRACTS § 63.3 (4th ed.)

Although the written employment contract expired before Draim's resignation from Virtual Geo, the magistrate judge found that the parties continued to operate under the understanding articulated in the contract and neither party disputes this finding on appeal.[3] At trial, Paragraph 9 of the employment contract was the primary basis for the underlying dispute.[4] During his opening argument, Draim's counsel stated

---

denied the motion as untimely, Memorandum Order, Dist. Ct. Docket No. 107 (Nov. 26, 2007). Virtual Geo again moved for reconsideration.

[3] This court will set aside the district court's findings of fact only if they are clearly erroneous, Fed. R. Civ. P. 52(a), while the district court's conclusions of law are reviewed *de novo*, *see Teva Pharms., USA, Inc. v. FDA*, 182 F.3d 1003, 1007 (D.C. Cir. 1999).

[4] Paragraph 9 states:

> Consultant shall treat as proprietary any information belonging to Client, its affiliated companies, or any third parties, disclosed to Consultant in the course of Consultant's services. Consultant assigns and agrees

that the trial involved "a single fairly straightforward claim by Mr. Draim against the corporate defendant for approximately $82,000 for patents that issued since May of 2000 and for which he has not been paid." Trial Tr. at 2 (Apr. 18, 2006). Draim proffered the employment contract as an exhibit. Virtual Geo, in turn, argued that Draim had breached his employment contract, asserting that "a party who breaches an agreement or contract or a duty is not entitled to the benefits of that same agreement." *Id.* at 7. According to Virtual Geo, Draim participated in a conspiracy to misappropriate its intellectual property, and "[t]herefore, he has violated the terms of his [employment contract]." *Id.*

Upon cross examination, Virtual Geo confronted Draim

---

to assign to Client or its nominee all rights in inventions or other proprietary information conceived by Consultant during the term of this Agreement with respect to any work which Consultant performs, and is financially compensated for by Client or the Corporation, under this Agreement. In addition, the Corporation will pay Consultant an amount not to exceed $2,000 as a bonus upon the completion of successful filing for any one patent. The actual amount will be determined in inverse proportion to the number of co-inventors listed in the patent application(s). If Consultant is the sole inventor, the full $2,000 will be paid. Likewise, upon successful issuance of any one patent, the Corporation will pay Consultant an additional bonus not to exceed $10,000, the actual amount of the bonus being determined in inverse proportion to the number of co-inventors listed in the patent(s).

Employment Contract at 2-3 (Nov. 1, 1992), Dist. Ct. Docket No. 40-1, Exhibit 1 (Apr. 1, 2003).

with the fact that he developed substantial intellectual property while its employee and that his "agreement with Virtual Geo did require [him] to maintain that proprietary information as Virtual Geo's property." *Id.* at 32. Virtual Geo questioned Draim about his attempts to obtain patent rights to Virtual Geo's intellectual property on behalf of his new employer, establishing its breach of contract defense. Specifically, Virtual Geo presented Draim with a VGS marketing brochure containing some of Virtual Geo's proprietary information and questioned him about the extent of his participation in creating that document. *See id.* at 54-55. Castiel testified on direct examination regarding the requirement in the employment contract that Draim assign all inventions conceived during his employment to Virtual Geo and proffered his understanding that Draim's conduct after his resignation breached this provision. At trial, Virtual Geo also alluded to Draim's violations of Paragraphs 8 and 10 of the employment contract.[5] *Id.* at 88-89, 98-99. During closing

---

[5] Paragraph 8 states:

> During the time of this Agreement, Consultant shall not enter into any activity, employment, or business arrangement which conflicts with Client's interest or Consultant's obligations under this Agreement. In view of the sensitive nature of Consultant's status, Client shall have the option of terminating this Agreement at any time if, in its sole judgment, a conflict of interest exists or is imminent. . . . Consultant shall advise Client of its position with respect to any activity, employment, or business arrangement contemplated by Consultant which may be relevant to this Paragraph. For this purpose Consultant agrees to disclose any such plans to Client prior to implementation.

Employment Contract at 2. Paragraph 10 allowed either party to

arguments, both parties identified the enforcement and potential breach of the employment contract as central to the resolution of the case.

Virtual Geo complemented its breach of contract defense with assertions that Draim participated in a conspiracy to misappropriate its property, breached a fiduciary duty, and violated the Delaware court's injunction. These claims, however, were relevant only as they related to Draim's potential breach of Paragraph 9 of the employment contract. According to Virtual Geo, "[t]he terms of his employment agreement essentially continued," and Draim "breached his employment obligations" by participating in his new employer's attempts "to assert control over Virtual Geo['s] . . . patent portfolio, intellectual property, [and] proprietary information." *Id.* at 161.

Despite the trial record of Virtual Geo's defense that Draim had breached the employment contract, the magistrate judge never made a finding on this defense to enforcement of the patent bonuses. The order awarding bonuses to Draim provides no analysis of his conduct with regard to any contractual provision. Instead, the magistrate judge decided only that Draim did not violate any fiduciary duty by participating in a conspiracy. But the potential breach of a fiduciary duty is beside the point, and Draim's alleged participation in a conspiracy does not resolve whether his conduct breached the employment contract. In the absence of a breach of contract finding, the judgment cannot stand.

Accordingly, we reverse and remand the case to the district court.

---

terminate the contract upon thirty days' notice by registered or certified mail. *Id.* at 3.