Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports.  Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued April 24, 2008　　　　　　　Decided May 23, 2008

No. 07-7076

TALMADGE HANCOCK AND OVEDA HANCOCK,
APPELLANTS

v.

HOMEQ SERVICING CORPORATION, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 05cv00307)

———

*Anthony F. Shelley*, appointed by the court, argued the cause and filed the briefs as *amicus curiae* in support of appellant. *William S. Bach*, *Talmadge Hancock*, and *Oveda Hancock* entered appearances.

*Rodney S. Caulkins* and *William L. Mitchell II* argued the cause for appellees.  With them on the brief was *Jennifer L. Sarvadi*.  *Charles E. Gustafson* entered an appearance.

Before: ROGERS and KAVANAUGH, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: The executors of Carolyn Hancock's estate appeal the grant of summary judgment on their complaint alleging fraud and other illegal acts by appellees[1] in connection with a loan obtained by Carolyn Hancock in 1994. Because the complaint is barred by the statute of limitations, D.C. Code §§ 12-301(3), (8),[2] we affirm.

**I.**

In 1994, Carolyn Hancock borrowed $55,000 from appellees, pledging as security her house in the District of Columbia where she lived with her two adult children, the executors of her estate and appellants here. At the time, she was seventy-eight years old and retired from her job as a keypunch operator. She had lived in the house since the 1970s and managed all of its financial affairs. She continued to make the

---

[1] For purposes of this opinion it is unnecessary to distinguish the roles of the various defendants and we refer to them collectively as "appellees."

[2] The court will grant appellees' motion to file an affidavit pursuant to 28 U.S.C. § 1653 in order to establish complete diversity of citizenship and hold that the district court had diversity jurisdiction. *See Draim v. Virtual Geosatellite Holdings, Inc.*, 522 F.3d 452, 454 n.1 (D.C. Cir. 2008); *GEICO v. Fetisoff*, 958 F.2d 1137, 1140 (D.C. Cir. 1992); *District of Columbia, ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1044 (D.C. Cir. 1986). The complaint alleges that appellees' claimed interest in the mortgage loan was $89,000, Compl. ¶ 72, and thus states an amount in controversy over $75,000, 28 U.S.C. § 1332(a).

monthly payment of $555 on the loan until her death in 1997. Appellants, who knew few details about the loan, continued making the monthly payments until 1999 and thereafter filed for bankruptcy on several occasions in an apparent attempt to stave off foreclosure on the house.

In January 1999, appellants obtained copies of loan documents from the D.C. Recorder of Deeds, including the Deed of Trust, which indicated that it had been executed by Carolyn Hancock on October 7, 1994 in Baltimore County, Maryland. Three years later, in January 2003, appellants found a file that contained documents indicating that Carolyn Hancock's signature and the location of the execution of the Deed of Trust had been forged. Appellants consulted an attorney and filed suit against appellees on January 6, 2005. The complaint alleged various unlawful acts, including that the loan documents fraudulently indicated that the loan agreement was executed in Baltimore County, Maryland.[3] The district court granted appellees' motion for summary judgment on the ground that the three-year statute of limitations had begun to run by January 1999.

## II.

The parties agree that the three-year statute of limitations under D.C. Code §§ 12-301(3), (8), applies, but disagree when the limitations period commenced. Under the discovery rule in the District of Columbia, a statute of limitations begins to run

---

[3] The complaint alleged violations of the D.C. Consumer Protection Procedures Act, D.C. Code §§ 28-3901 *et seq.*, D.C. Usury Law, *id.* §§ 28-3301 *et seq.*, D.C. Money Transmitters Act, *id.* §§ 26-1001 *et seq.*, and conversion, breach of fiduciary duty, and common law fraud, as well as related conspiracy, aiding and abetting, and derivative claims.

from the time the injured party "knows, or with the exercise of reasonable diligence would have known, of some injury, its cause-in-fact, and some evidence of wrongdoing." *Diamond v. Davis*, 680 A.2d. 364, 381 (D.C. 1996). Appellants, through *amicus curiae*, assert two errors by the district court; neither is well taken.[4]

First, relying on *Goldman v. Bequai*, 19 F.3d 666, 669 (D.C. Cir. 1994), appellants contend that the district court should have taken into account the special circumstances of Carolyn Hancock and appellants, specifically that she was elderly and unsophisticated in financial matters, and that they lacked knowledge about the loan transaction at the time of its consummation. However, consistent with the reasonable person standard of the D.C. discovery rule, *see Hendel v. World Plan Executive Council*, 705 A.2d 656, 661 n.5 (D.C. 1997), the district court adequately considered these circumstances. The district court noted Carolyn Hancock's age, her retirement status, and the nature of her prior employment, and none of its findings suggest that Carolyn Hancock was financially sophisticated. Further, the district court's findings do not suggest that appellants were aware of the loan transaction in 1994.

Second, appellants contend that summary judgment on the statute of limitations was improper because material facts are in dispute as to when they had evidence of appellees' wrongdoing. Even assuming there was a material issue regarding what loan documents Carolyn Hancock saw in 1994, no disputed facts exist with respect to whether appellants were on inquiry notice

---

[4] Our review of the grant of summary judgment is *de novo*. *See Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1040 (D.C. Cir. 2008).

after they obtained loan documents from the D.C. Recorder of Deeds in January 1999. The difficulty for appellants arises from their theory of the case. According to the complaint, Carolyn Hancock never learned to drive and did not have a driver's license. Compl. ¶ 18. In 1994, she stayed at home most days unless appellants took her out and "never left the home unless accompanied by one of them." *Id.* ¶ 19. Further, appellants "had an implicit understanding [with their mother that she] would not leave the home for an extended period of time without telling them, and *certainly* would not have traveled over 30 miles to borrow $55,000 without letting them know her whereabouts." *Id.* (emphasis added). Having alleged that Carolyn Hancock would "certainly" not have traveled to Baltimore to secure such a loan without alerting them, an allegation that has not been retracted, appellants cannot avoid the conclusion that loan documents reporting such an event are evidence of wrongdoing.

Consequently, upon obtaining a copy of the Deed of Trust in January 1999 that stated Carolyn Hancock had executed the deed in Baltimore County, Maryland, appellants had "reason to suspect that the [appellees] did something wrong, even if the full extent of the wrongdoing [was] not yet known," *Wagner v. Sellinger*, 847 A.2d 1151, 1154 (D.C. 2004). Indeed, the record indicates that appellants at that time had such suspicions and were concerned about the propriety of the loan. Although appellants did not discover physical evidence of forgery until January 2003, the evidence and suspicion they had in 1999 indicates that they were not reasonably diligent in investigating and legally challenging the loan. *See Diamond*, 680 A.2d at 377.

Accordingly, we affirm the grant of summary judgment.