Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports.  Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued May 12, 2010          Decided June 25, 2010

No. 09-5026

KRISHNA MURTHY,
APPELLANT

v.

THOMAS J. VILSACK, SECRETARY, UNITED STATES
DEPARTMENT OF AGRICULTURE,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:06-cv-02208-RJL)

———

*David A. Branch* argued the cause and filed the briefs for appellant.

*Alan Burch*, Assistant U.S. Attorney, argued the cause for appellee.  With him on the brief were *Ronald C. Machen, Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: ROGERS, TATEL and GRIFFITH, *Circuit Judges*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: Dr. Krishna Murthy sued the Secretary of Agriculture for breach of the terms of a settlement agreement and for non-selection to a GS-15 position in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court transferred the contract claims to the Court of Federal Claims pursuant to 28 U.S.C. § 1631 and granted summary judgment on the Title VII non-selection claim for failure to exhaust administrative remedies. Murthy appealed. By order of July 10, 2009 this court dismissed Murthy's appeal of the transfer of the contract claims for lack of jurisdiction. *Murthy v. Vilsack*, Order, No. 09-5026 (D.C. Cir. July 10, 2009) (citing 28 U.S.C. § 1292(d)(4)(A)). The question now is whether, despite the transfer of some claims, this court has jurisdiction to review the grant of summary judgment on the remaining Title VII non-selection claim. We conclude that we do, and we affirm.

**I.**

According to his complaint, Dr. Krishna Murthy worked at the U.S. Department of Agriculture for twenty-seven years, most recently as a GS-14, step 10 veterinarian in Food Safety and Inspection Services. Throughout his tenure, despite his "exemplary" performance, he was "repeatedly" denied promotions to GS-15 and has consequently filed equal employment opportunity ("EEO") complaints against the Department. Cmplt. ¶ 5. He also was "instrumental" in initiating a class charge filed with the Equal Employment Opportunity Commission ("EEOC") by Asian/Pacific Islander employees alleging discrimination by the Department in denying promotions. Cmplt. ¶ 6. A settlement agreement of the class charge was approved by the EEOC in December 2004. *Arun C. Basu, et al. v. Veneman, Dep't of Agriculture*, EEOC No. 100-

A1-7863X.  However, Murthy did not learn the settlement had been approved until after the thirty-day period to object had passed.  Three of the six class agents received "significant individual relief, including retroactive promotions and payments of $100,000 to $300,000," while he, although also a class agent, "was designated to receive only $40,000 and a two step increase at his current grade 14 step 8 position."  Cmplt. ¶ 10.  Murthy filed a notice of breach of the settlement agreement with the Department and later complained to the EEOC contesting the fairness of the settlement agreement.  The EEOC denied his petition and request for reconsideration.

Murthy then filed two charges with the EEOC: on June 28, 2006 seeking promotion to GS-15, and on August 17, 2006 alleging a violation of the settlement agreement and discrimination and reprisal when he was not selected for a GS-15 Associate Deputy Administrator position.  On December 26, 2006 — 131 days after filing his August 17, 2006 EEOC charge — Murthy filed a complaint in the federal district court.  In count one, he alleged discrimination in violation of Title VII when the Department denied him promotions to GS-15 in June and August 2006.  He also alleged discrimination and retaliation in violation of Title VII when he was provided "significantly less relief" under the settlement agreement than other class agents and was not provided timely notice of his right to object.  Cmplt. ¶ 17.  He sought placement in a GS-15 or comparable position and compensatory damages, including front and back pay and benefits.  In count two, he alleged breach of contract because he was provided "significantly less" under the settlement agreement than other class agents and was not provided timely notice of his right to object.  Cmplt. ¶ 18.  He sought rescission of the settlement agreement as it applied to him, damages equal to his accumulated lost wages and benefits as well as future lost wages, and damages for financial and emotional harm.

The district court transferred Murthy's breach of the settlement agreement claims in count 2 and also the non-promotion claims in count 1 determined to arise under the settlement agreement to the Court of Federal Claims, which has exclusive jurisdiction over contract claims against the United States for more than $10,000, *see* 28 U.S.C. § 1491(a)(1); *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007). The district court reasoned that Murthy's claims of discrimination and retaliation relative to the other class agents were primarily contract claims for breach of the settlement agreement. The district court granted summary judgment on Murthy's remaining Title VII non-selection claim because he failed to exhaust his administrative remedies when he filed his lawsuit prior to the expiration of Title VII's 180-day waiting period. *Murthy v. Schafer*, 579 F. Supp. 2d 110 (D.D.C. 2008).

## II.

Pursuant to 28 U.S.C. § 1631, the district court may transfer a civil action for lack of jurisdiction. Section 1631 provides:

> Whenever a civil action is filed in a [qualifying federal] court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . ., and the action or appeal shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

In *Hill v. Henderson*, 195 F.3d 671 (D.C. Cir. 1999), the district court dismissed one of four counts in a complaint and ordered the remaining counts transferred to the Northern District of

Illinois based on venue. *Id.* at 672 (citing 28 U.S.C. § 1404(a)). When Hill appealed the dismissal, this court held that it lacked jurisdiction for want of a final judgment, in the absence of an order under Federal Rule of Civil Procedure 54(b). *Hill*, 195 F.3d at 674. The court stated that the dismissed count should "tag[] along" with the transferred counts to best effectuate "[t]he efficiencies sought to be achieved by the final judgment rule." *Id.* The court reasoned that unlike dismissal of parties, *see Reuber v. United States*, 773 F.2d 1367 (D.C. Cir. 1985), dismissal of claims seemed more likely to achieve these efficiencies given the "greater probabilities that circumstances will moot dismissal of the appeal (e.g., by overall settlement, or by a recovery on one of the claims that effectively compensates plaintiff for loss under the dismissed claim), and that issues between the two (hypothetical) appeals will overlap." *Hill*, 195 F.3d at 674. Viewing "the appealability of the claim dismissal [to] . . . flow[] to the transferee circuit," the court stated that the dismissed count would be subject to appellate review by the Seventh Circuit Court of Appeals "on the issuance of a final judgment by the [district court in the] Northern District of Illinois." *Id.* at 675, 678.

Ordinarily, the principles in *Hill* would counsel declining jurisdiction over the grant of summary judgment on Murthy's Title VII non-selection claim and permitting the Federal Circuit to undertake eventual review of all of the claims in Murthy's complaint, including the Title VII non-selection claim. However, the Court of Federal Claims and the Federal Circuit are courts of specialized jurisdiction. Although the Federal Circuit has exclusive jurisdiction over an appeal from a final decision of the Court of Federal Claims, *see* 28 U.S.C. § 1295(a)(3), the Court of Federal Claims lacks jurisdiction over claims "sounding in tort," 28 U.S.C. § 1491(a)(1). This court observed in *Greenhill*, 482 F.3d at 574, that "the Court of Federal Claims has no jurisdiction over Title VII claims." The

Federal Circuit has held that section 1631 permits partial transfers to the Court of Federal Claims and considers transferred claims to be bifurcated from untransferred claims. *See United States v. County of Cook, Ill.*, 170 F.3d 1084, 1089 (Fed. Cir. 1999). As a result, neither the Court of Federal Claims nor the Federal Circuit upon appeal will review the dismissal of the untransferred claims.

Because of the specialized jurisdiction of the Court of Federal Claims and the Federal Circuit's treatment of partial transfers, neither the federal district court nor the Court of Federal Claims could exercise jurisdiction over all of the claims in Murthy's complaint. This court recognized in *Hill*, 195 F.3d at 678, that an exception to the tag-along approach might be required where the transferee court could not adjudicate the dismissed claim. This is such a case. Were this court to decline to exercise appellate jurisdiction, the grant of summary judgment on the Title VII non-selection claim would "completely elude review," *Hill*, 195 F.3d at 676. There may be a risk that some part of the case could be transferred back to the district court, but that risk is minimized here because Murthy has not appealed the transfer order to the Federal Circuit, *see* 28 U.S.C. § 1292(d)(4)(A), and the deadline for such an appeal has passed, *see* FED. R. APP. P. 4(a)(1)(B).

In other circumstances it would be preferable to exercise appellate jurisdiction based upon a Rule 54(b) order in which the district court made the required finding of "no just reason for delay," given the separability of the affected claims. But here requiring a Rule 54(b) certification "would . . . not ensure only a single appeal — one of the objectives of the final judgment rule" and would "risk needless complications." *United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 217 (D.C. Cir. 2003); *see also United States v. County of Cook, Ill.*, 167 F.3d 381, 384 (7th Cir. 1999).

Accordingly, this court will exercise appellate jurisdiction over the grant of summary judgment on Murthy's Title VII non-selection claim.

**III.**

Title VII permits an aggrieved federal employee to file a civil action in the district court 180 days after the filing of a charge with the EEOC, when the EEOC has taken no final action. 42 U.S.C. § 2000e-16(c). In *Martini v. Federal National Mortgage Ass'n*, 178 F.3d 1336, 1347 (D.C. Cir. 1999), this court construed the 180-day period in Title VII's enforcement provisions, 42 U.S.C. § 2000e-5. The court interpreted the 180-day period in 42 U.S.C. § 2000e-5(f)(1), under which the EEOC may authorize private suits, to be a mandatory waiting period. Observing that Congress had imposed a "mandatory and unqualified" duty on the EEOC to investigate charges and that the legislative history indicated Congress "'hoped that recourse to . . . private lawsuit will be the exception and not the rule,'" the court concluded that EEOC's power to authorize private suits within 180 days would undermine both its statutory investigatory duty and Congress' policy of encouraging informal "resolution up to the 180th day." *Martini*, 178 F.3d at 1346–47 (quoting 118 CONG. REC. 7168). Rejecting a suggestion of futility based upon EEOC's lack of resources, and finding no equitable considerations warranting an exception to the 180-day requirement, the court held that Martini's lawsuit was untimely because it was filed less than 180 days after the filing of the EEOC charge, vacated the district court's judgment, and remanded the case with instructions for the district court to dismiss the complaint without prejudice. *See id.* at 1348.

The reasoning in *Martini* applies no less to the 180-day period in section 2000e-16(c). Section 2000e-16 provides that a federal employee must wait 180 days, absent final action by

the EEOC, before filing a lawsuit in the federal district court and that any civil suit shall be filed "as provided in § 2000e-5," and, specifically, that section 2000e-5(f) through (k) shall govern. *See* 42 U.S.C. § 2000e-16(c), (d). The reasoning in *Martini* that permitting exceptions would undermine the purpose of the 180-day waiting period in section 2000e-5(f)(1) supports reading the 180-day waiting period in section 2000e-16(c) as mandatory, and Murthy provides no reason to read it otherwise. Although worded somewhat differently, the 180-day period in section 2000e-16(c) serves the same purpose as the 180-day period in section 2000e-5(f)(1), as interpreted in *Martini*. Congress sought to allow a period for the EEOC to investigate and attempt to resolve charges through conciliation; in the absence of an agreeable resolution or when the EEOC took no action, Congress determined lawsuits could be filed in federal district court by an aggrieved party. This conclusion about the purpose of the 180-day period is consistent with the Supreme Court's observation in *Brown v. General Services Admininistration*, 425 U.S. 820, 832–33 (1976), that the filing of lawsuits by federal employees "after 180 days" is part of Title VII's "careful blend of administrative and judicial enforcement powers," and that the provision authorizing lawsuits after 180 days incorporates Title VII's enforcement provisions, *see id.* at 832.

Murthy's attempts to avoid the consequences of the mandatory 180-day waiting period fail. First, the filing of an amended complaint after the 180-day period expired cannot cure the failure to exhaust. Section 2000e-16(c) provides an aggrieved federal employee may file a civil action "after one hundred and eighty days from the filing of the initial charge" when the EEOC has failed to take final action. As with permitting the EEOC to authorize a private suit before the expiration of the 180-day period in *Martini*, allowing Murthy to cure his failure to exhaust administrative remedies by amending his complaint would contravene EEOC's investigative duty and

undermine Congress' policy of encouraging informal resolution "up to the 180th day." *Martini*, 178 F.3d at 1346–47.

Second, Murthy's argument that he had to file his civil action related to his contract claims within 90 days of the EEOC's September 2006 decision on those claims, *see* 42 U.S.C. § 2000e-16(c), is forfeited. Murthy raised this argument only in his motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), and "issues not raised before judgment in the district court are usually considered to have been waived on appeal," *Whelan v. Abell*, 48 F.3d 1247, 1251 (D.C Cir. 1995). His argument touches upon several complex issues regarding Title VII's administrative exhaustion requirements and the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), none of which has been adequately briefed. Moreover, there is a split in the circuits regarding whether after *Morgan* "a claim arising after the filing of a formal administrative complaint must be raised with . . . [an] agency's [Office of Equal Employment Opportunity] before being brought before a district court." *Weber v. Battista*, 494 F.3d 179, 183–84 (D.C. Cir. 2007).

Finally, contrary to Murthy's suggestion, *res judicata* will not bar the filing of a new Title VII non-selection civil action after he exhausts his EEOC remedies. In granting summary judgment on the Title VII non-selection claim, the district court did not dismiss Murthy's complaint without prejudice, as in *Martini*, 178 F.3d at 1348. However, where an action is prematurely filed or the plaintiff has failed to satisfy a precondition to suit, a final judgment for the defendant "does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied." RESTATEMENT (SECOND) OF JUDGMENTS § 20(2) (2009). The Secretary acknowledges in his brief that such a new claim "would not face *res judicata* problems from the District Court's decision here

because that decision necessarily did not reach the merits of his new basis for arguing exhaustion." Appellee's Br. at 23 (citing, e.g., *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946–47 (D.C. Cir. 1983)); *see also Ali v. Dist. of Columbia*, 278 F.3d 1, 9 (D.C. Cir. 2002).

Accordingly, we affirm the grant of summary judgment.