Vanessa L. MOORE, Lt., Appellant

v.

DISTRICT OF COLUMBIA, Appellee.

No. 10–7034.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 27, 2011.

Aderson B. Francois, Esquire, Howard University School of Law, Washington, DC, for Appellant.

Stacy Anderson, Assistant, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge WILLIAMS and RANDOLPH, Senior Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was considered upon the briefs, the appendix, and the oral arguments of the parties. Although the issues present no need for a published opinion, they have been accorded full consideration

by the Court. *See* FED. R.APP. P. 36; D.C. CIR. R. 36(d). For the reasons that follow, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be (1) affirmed with respect to Moore's constitutional and common law claims, and (2) vacated and remanded with respect to Moore's Title VII claims.

Vanessa L. Moore, a lieutenant in the Washington Metropolitan Police Department (MPD), appeals from the district court's dismissal of her complaint for failure to state a claim. Moore's complaint alleged that she was sexually harassed by a male supervisor and, after she complained of his behavior, that she was subjected to a hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The complaint also alleged, among other things, constitutional violations under 42 U.S.C. §§ 1981 and 1983, intentional infliction of emotional distress, and breach of a settlement agreement.

The district court dismissed Moore's constitutional and common law claims as untimely, concluding that they were filed outside the applicable three-year statute of limitations. *See* D.C.Code § 12–301(7)–(8). It dismissed her Title VII claims on the ground that she did not timely exhaust her administrative remedies. On appeal, Moore argues that the district court (1) failed to apply the discovery rule to her breach of settlement agreement claim, and (2) erred in converting administrative exhaustion, an affirmative defense, into a pleading requirement.*

■ Under the discovery rule, a limitations period does not run until the in-

jured party "knows, or with the exercise of reasonable diligence would have known, of some injury, its cause-in-fact, and some evidence of wrongdoing." *Hancock v. HomEq Servicing Corp.,* 526 F.3d 785, 786 (D.C.Cir.2008) (per curiam) (quoting *Diamond v. Davis,* 680 A.2d 364, 381 (D.C. 1996)). The rule is inapplicable to Moore's contract claim for at least two reasons. First, as Moore's counsel conceded at argument, Moore did not raise the discovery rule in the district court. There was no mention of it in her complaint or in her response to the motion to dismiss. The argument therefore is waived. *Murthy v. Vilsack,* 609 F.3d 460, 465 (D.C.Cir.2010); *Marymount Hosp., Inc. v. Shalala,* 19 F.3d 658, 663 (D.C.Cir.1994). Second, even if it were appropriate to consider the argument on its merits, the circumstances in this case do not warrant reversal. Indeed, Moore's filings suggest that nothing at any time impeded her understanding that MPD had failed to perform its obligations under the alleged settlement agreement. Her delay in filing suit therefore cannot be excused. *See Rotella v. Wood,* 528 U.S. 549, 555, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000); *Hardin v. Jackson,* 625 F.3d 739, 744–45 (D.C.Cir.2010).

■ Failure to exhaust administrative remedies is an affirmative defense. A plaintiff need not plead exhaustion in his complaint. *Kim v. United States,* 632 F.3d 713, 719 (D.C.Cir.2011); *Colbert v. Potter,* 471 F.3d 158, 165 (D.C.Cir.2006). The district court dismissed Moore's Title VII claims on the theory that she "failed to file a complaint with the [Equal Employment Opportunity Commission (EEOC) ], and her time to do so has long since expired." The District of Columbia acknowledges

---

* To the extent Moore's brief purports to raise any other arguments regarding her common law or constitutional claims, they are waived. *N.Y. Rehab. Care Mgmt., LLC v. NLRB,* 506 F.3d 1070, 1076 (D.C.Cir.2007) ("It is not

enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." (quoting *Schneider v. Kissinger,* 412 F.3d 190, 200 n. 1 (D.C.Cir.2005))).

that the district court erred, but asks this Court to convert the motion to dismiss into one for summary judgment and affirm. Summary judgment is appropriate only if there is "no genuine dispute as to any material fact." FED.R.CIV.P. 56(a); *see also Geleta v. Gray,* 645 F.3d 408, 410 (D.C.Cir.2011). Here, there are a number of facts in dispute, not the least of which is when Moore filed her EEOC complaint. Summary judgment therefore is inappropriate.

The Court acknowledges and thanks the Howard University School of Law Civil Rights Clinic for its *pro bono* representation of Moore on this appeal. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.