# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LAGENEIA LAROCHELLE,

        Plaintiff,

    v.

MEDSTAR WASHINGTON HOSPITAL
CENTER,

        Defendant.

Case No. 23-cv-2956 (TSC)

## MEMORANDUM OPINION

Plaintiff Lageneia LaRochelle sued her former employer, Medstar Washington Hospital Center ("Medstar"), alleging intentional infliction of emotional distress as well as discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Rehabilitation Act. Defendant moved to dismiss, arguing that several of Plaintiff's claims are precluded by res judicata and that she failed to state a claim upon which relief can be granted. Plaintiff sought leave to amend her Complaint. Having considered the record and the briefs, the court will GRANT in part and DENY in part as moot Defendant's Motion to Dismiss and GRANT Plaintiff's motion for leave to file an amended Complaint.

## I.      BACKGROUND

### A.    Factual Background

The court will, as it must on a motion to dismiss, assume the truth of the facts asserted in the Complaint. Plaintiff worked as a Respiratory Care Practitioner at Medstar. Compl., ECF No. 1 ¶ 5. In 2007, she injured her back at work while pulling a ventilator onto an elevator. *Id.*

¶ 7. Defendant, however, repeatedly refused to give her a light-duty accommodation in the wake of her injury. *Id.* Plaintiff consequently sought medical leave, but was harassed by her supervisor and coworkers for her absences. *Id.* Years later, her back issues were exacerbated when she was assaulted by a coworker, *id.* ¶ 12, and when she had to lift a patient at work, *id.* ¶ 23. Plaintiff was eventually diagnosed with degenerative disc disease, severe spinal stenosis, lumbar spondylosis, and cervical spondylosis. *See id.* ¶ 24.

In 2020, in response to the COVID-19 pandemic, Plaintiff began wearing reusable face masks at work. *See id.* ¶ 11. She suffered a facial breakout from the reusable masks, however, and sought N95 masks from Defendant, who did not provide them. *Id.* She continued to suffer dermatological reactions to the reusable masks, and obtained a doctor's note stating that she should use sterile N95 masks at work.[1] *Id.* Starting in 2021, Defendant also required all employees to be fully vaccinated against COVID-19. *Id.* ¶ 13. Plaintiff requested an exemption, but her doctor—a Medstar physician—failed to submit her documentation in a timely manner. *Id.* ¶¶ 14–16. She twice sought religious exemptions, but both requests were denied, *id.* ¶ 16, and she was subsequently terminated for failure to comply with the vaccine requirement, *id.* ¶ 17. Plaintiff identifies as Catholic and claims that the COVID-19 vaccine conflicts with her religious beliefs because it was manufactured with the "cell lines" of "aborted fetuses." Pl.'s Mem. in Opp'n to Mot. to Dismiss, ECF No. 12 at 9 ("Opp'n").

Finally, Plaintiff alleges that, throughout her employment, she was retaliated against for requesting light duty, refusing to engage in fraudulent recordkeeping activities, failing to complete her vaccine exemption request paperwork in a timely manner, and reporting that her

---

[1] Neither the Complaint nor Plaintiff's opposition brief indicate whether Defendant provided her with N95 masks once she submitted the doctor's note.

coworker assaulted her. Compl. ¶¶ 29–32. Plaintiff claims the discrimination and retaliation she suffered caused "severe emotional distress in the form of anxiety, panic attacks, depression, and insomnia," "Post Traumatic Stress Disorder," difficulty sleeping, and difficulty "engaging in normal relationships." *Id.* ¶¶ 41–46.

### B. Procedural Background

#### i. Prior litigation

Plaintiff first sued—proceeding *pro se*--Medstar employees Joseph Lynott, Edward Palmer, Robbin Hargrove, and Paul Hagens in January 2022. *See* Compl., ECF No 1, *LaRochelle v. Lynott*, No. 22-cv-115 (D.D.C. Jan. 18, 2022). Defendants moved to dismiss, and Plaintiff moved to file an amended complaint, alleging in relevant part that defendants violated the ADA by denying her a reasonable accommodation, Mot. to File Am. Compl., ECF No. 24 at 2–6, *Lynott*, No. 22-cv-115, the Rehabilitation Act by retaliating against her, *id.* at 6–8, and Title VII by harassing her and denying her a religious exemption from the COVID vaccine requirement, *id.* at 17–18. This court granted Plaintiff's motion for leave to file an amended complaint, but dismissed the case, holding that she failed to exhaust her administrative remedies for any allegations arising out of her 2022 EEOC Charge and failed to state a claim under the ADA or the Rehabilitation Act. *LaRochelle v. Lynott*, No. 22-cv-115, 2023 WL 6215365, at *2–9 (D.D.C. Sept. 25, 2023).

#### ii. Instant litigation

Shortly after the court dismissed *Lynott*, Plaintiff filed this action against Medstar, again proceeding *pro se*. *See* Compl. at 1. Plaintiff alleges disability discrimination, religious discrimination, retaliation, and intentional infliction of emotional distress, also arising primarily out of Defendant's response to her work-related injury and her religious objection to the COVID-

19 vaccine. *Id.* ¶¶ 20–46. Defendant moved to dismiss, ECF No. 7. Plaintiff obtained counsel, *see* Notice of Appearance, ECF No. 11, and in her opposition, requested leave to file an amended complaint, *see* Opp'n at 6–7.[2]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court presumes the truth of the complaint's factual allegations under Rule 12(b)(6), *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), but need not "accept as true 'a legal conclusion couched as a factual allegation,'" nor "inferences [that] are unsupported by the facts set out in the complaint," *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (citations omitted). "When res judicata bars a claim," "it is subject to dismissal under Rule 12(b)(6)." *Alford v. Providence Hosp.*, 60 F. Supp. 3d 118, 123 (D.D.C. 2014) (K.B. Jackson, J.). *Cf. Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 76–77 (D.C. Cir. 1997).

---

[2] The court construes this request as a motion for leave to file an amended complaint. *See, e.g.*, *Day v. U.S. Dep't of Treasury*, No. 19-cv-3467, 2020 WL 4432239, at *4 (D.D.C. July 31, 2020).

### III. RES JUDICATA

#### A. Legal Framework

Res judicata, also known as claim preclusion, "plays a central role in advancing the 'purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions." *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004) (citation omitted). It "embodies the principle 'that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting Restatement (Second) of Judgments at 6 (1982)) (emphasis omitted). Under this doctrine, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). The parties agree that *Lynott* was between the same parties or their privies and that this court had jurisdiction. *See* Opp'n at 4–5. Consequently, the court will analyze whether the prior suit involved the same claims and whether there was a final, valid judgment on the merits.

Claims are the "same" for res judicata purposes "when the cases are based on the 'same nucleus of operative fact' because 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory on which a litigant relies." *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) (citation omitted). "In pursuing this inquiry, the court will consider 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Apotex, Inc.*, 393 F.3d at 217 (citation omitted).

Preclusion extends to claims "that should have been raised in an earlier suit," *Nat. Res. Def. Council v. EPA*, 513 F.3d 257, 261 (D.C. Cir. 2008) (citations omitted), but "may not bar a later suit where the plaintiff was not aware of its claim at the time of the first litigation," *Capitol Hill Grp.*, 569 F.3d at 491. Consequently, in *Natural Resources Defense Council*, 513 F.3d at 261, the D.C. Circuit held that plaintiff's suit was precluded even though it was based on a different legal theory than a previous suit because both actions claimed that the judgments made by the EPA in a final rule were unlawful. In so holding, the Circuit explained that plaintiff "doesn't get a bite at that same apple." *Id.* Res judicata, however, "does not bar parties from bringing claims based on material facts that were not in existence when they brought the original suit." *Apotex, Inc.*, 393 F.3d at 218; *see Stanton*, 127 F.3d at 78 ("post-judgment events give rise to new claims," including "successive enforcement of a statute" and continued operation of "a combination in restraint of trade").

The third element of res judicata—whether the court issued a final decision on the merits—tracks Federal Rule of Civil Procedure 41(b). *Havens v. Mabus*, 759 F.3d 91, 98 (D.C. Cir. 2014). That rule provides that, unless a dismissal order states otherwise—for example, a dismissal without prejudice—any involuntary dismissal "operates as an adjudication on the merits" "except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19." Fed. R. Civ. P. 41(b); *see Havens*, 759 F.3d at 98 ("[A] dismissal without prejudice 'will ordinarily (though not always) have the consequence of not barring the claim from other courts.'" (emphasis omitted)). Thus, a decision under Rule 12(b)(6) typically "presents a ruling on the merits with res judicata effect." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *accord Ashbourne v. Hansberry*, 894 F.3d 298, 302 (D.C. Cir. 2018) ("Summary judgment and dismissal for failure to state a claim both constitute final judgments on the merits."). But "where

an action is prematurely filed or the plaintiff has failed to satisfy a precondition to suit, a final judgment for the defendant 'does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied.'" *Murthy v. Vilsak*, 609 F.3d 460, 466 (D.C. Cir. 2010) (quoting Restatement (Second) of Judgments § 20(2) (2009)); *see Crockett v. Mayor of D.C.*, 279 F. Supp. 3d 100, 109 (D.D.C. 2017) (explaining that dismissal for failure to exhaust is not a decision on the merits, regardless of whether exhaustion is conceived as jurisdictional or a claims-processing rule). In close cases, courts are to "examine 'what was intended by the first decision and what the logical consequences of that decision are' in order to 'determine the res judicata effect of a prior claim.'" *Havens*, 759 F.3d at 98 (citation omitted).

## B.     Count One – Disability Discrimination

In Count One, Plaintiff alleges that Defendant discriminated against her by refusing to grant her a light-duty accommodation in violation of the ADA and the Rehabilitation Act. Compl. ¶¶ 20–28. This appears to be the claim Plaintiff brought—and this court dismissed—in *Lynott*. There, she also alleged that she injured her back while pulling a ventilator onto the basement elevator and was denied the accommodation she sought. Third Am. Compl., ECF No. 24 at 3–4, *Lynott*, No. 22-cv-115 (D.D.C. Dec. 21, 2022). Plaintiff also alleged that she was approved for medical leave, but when she returned to work, her back pain worsened. *Id.* at 6–7. In dismissing the case, this court held that plaintiff failed "to allege sufficient facts tending to show that [Medstar] had notice of her disability" and did not "describe an actual accommodation request." *Lynott*, 2023 WL 6215365, at *7–8.

Plaintiff argues that *Lynott* did not address the same claim as this case because it "only plead substantive claims and facts dating until March 2021," whereas, this case includes incidents occurring between August 2021 and November 2021. Opp'n at 5–6. She consequently

seeks leave to amend her Complaint to "clarify the timeline." *Id.* at 6–7. The court will grant Plaintiff's request for leave to file an amended complaint. *Infra* Section IV. To the extent Plaintiff can base her disability discrimination claim on allegations that either were not available to her in *Lynott* or were part of the 2022 EEOC Charge that the court did not consider for failure to exhaust administrative remedies, *see Lynott*, 2023 WL 6215365, at *4–5, she may be able to maintain a disability discrimination claim. *See Apotex, Inc.*, 393 F.3d at 218; *Murthy*, 609 F.3d at 466. She may not, however, bring that claim based on the allegations the court ruled failed to state a claim in *Lynott*, or allegations she could have included in *Lynott* but chose not to. *See Capitol Hill Grp.*, 569 F.3d at 490.

### C. Counts Two and Four – Retaliation and Intentional Infliction of Emotional Distress

In Count Two, Plaintiff alleges that Defendant retaliated against her for requesting light duty, refusing to engage in fraudulent recordkeeping activity, failing to request an exemption from the vaccine requirement in a timely manner, and reporting that her coworker assaulted her. Compl. ¶¶ 29–33. In Count Four, she alleges intentional infliction of severe emotional distress. *Id.* ¶¶ 40–46. Although Plaintiff did not bring an intentional infliction of emotional distress claim in *Lynott*, Defendant argues that the claim is barred by res judicata insofar as it arises from her disability discrimination allegations. Def.'s Mem. in Supp. of Mot. to Dismiss, ECF No. 7-1 at 19; *see Capitol Hill Grp.*, 569 F.3d at 490 ("'[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory on which a litigant relies.'" (citation omitted)).

In *Lynott*, 2023 WL 6215365, at *8–9, the court held that Plaintiff failed to state a claim for retaliation because she failed to allege an adverse employment action arising from the denial of her accommodation request and, although she may have alleged that she was retaliated against

for taking medical leave, she did not bring a retaliation claim under the Family Medical Leave Act. Plaintiff agrees that Counts Two and Four are the "same claim" as she brought in *Lynott*, but argues that the court did not dismiss that claim on the merits, instead holding that she failed to exhaust her administrative remedies. Opp'n at 4–5. The court did hold that Plaintiff failed to exhaust her allegations arising from the 2022 EEOC Charge—but only as to those allegations. *Lynott*, 2023 WL 6215365, at \*4–5. To the extent that Plaintiff can plead her retaliation or intentional infliction of emotional distress claims based *only* on the allegations in the 2022 EEOC Charge or other facts that occurred after *Lynott* in an amended Complaint, these claims may not be precluded by res judicata. But should Plaintiff seek to rehash allegations that were available to her during *Lynott*, or that the court held did not state a claim, res judicata applies.

## IV. LEAVE TO FILE AN AMENDED COMPLAINT

Defendant also argues that Count Three and the rest of Count Four should be dismissed for failure to state a claim upon which relief can be granted. Because the court grants Plaintiff's request for leave to file an amended Complaint, it will deny as moot Defendant's motion to dismiss for failure to state a claim.

A party may "amend its pleading once as a matter of course no later than . . . 21 days after serving it; or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12 . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1). Where, as here, the time to amend a pleading as a matter of course has elapsed, a "party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated

failure to cure deficiencies by previous amendments," or "futility of amendment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (citation omitted).

Justice requires granting leave to amend in this case. Plaintiff filed her initial complaint *pro se*, but subsequently retained counsel. Having obtained counsel, and with this court's ruling on res judicata in hand, she is better situated to file a pleading in this matter, rendering futility unlikely. This is also Plaintiff's first request to amend her complaint in this case, and she requested it as soon as she obtained counsel, without any request for extension of time to file her brief in opposition to Defendant's motion. Finally, there is no indication that Plaintiff is acting in bad faith or with dilatory motive. Consequently, the court will grant her leave to amend.

## V. CONCLUSION

For the foregoing reasons, the court will GRANT in part and DENY in part as moot Defendant's Motion to Dismiss, ECF No. 7, and GRANT Plaintiff's motion for leave to file an amended complaint, ECF No. 12. An Order will accompany this Memorandum Opinion.

Date: September 11, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge