# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 12, 2010          Decided January 21, 2011

No. 09-5227

CALVIN KI SUN KIM AND CHUN CHA KIM,
APPELLANTS

v.

UNITED STATES OF AMERICA, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-01660)

*Joseph Peter Drennan* argued the cause for appellants.

*Calvin K. Kim* and *Chun C. Kim*, appearing pro se, filed briefs.

*Gretchen M. Wolfinger*, Attorney, U.S. Department of Justice, argued the cause for appellees.  With her on the brief were *Jonathan S. Cohen*.  *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

Before: BROWN and GRIFFITH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* BROWN.

BROWN, *Circuit Judge*: For the Kims, like many income-producing U.S. residents, the tax man cometh, but the Kims, by taking the offensive and suing the Internal Revenue Service (IRS), have been unusually unwelcoming. Calvin Ki Sun Kim and Chun Cha Kim are tax protesters who, in an action for unspecified damages, allege the IRS violated the Taxpayer Bill of Rights, failed to comply with various statutes, and perpetrated an "ongoing campaign of harassment by correspondence." Compl. at 6. The Kims' lawsuit is one of many similar actions brought by tax protestors accusing the IRS of a miscellany of misconduct.

I

From 1998 through 2003, the Kims did not regularly file tax returns. When they did file, their tax returns did not include required information. Unsurprisingly, in 2002 the IRS contacted the Kims about their frivolous or missing returns. The resulting correspondence between the Kims and the IRS is the gravamen of this suit.

The Kims insist they are not required to file individual income tax returns because the IRS did not maintain proper records or perform all duties required by law. *See* Compl. at 6–8. Based on these alleged failures, the Kims filed suit in the United States District Court for the District of Columbia in September 2008. Their complaint asserted twenty-one separate counts of wrongdoing against the United States; the Commissioner of the IRS; IRS employees Dennis Parizek, Scott Prentky, and A. Chow; and four unknown IRS agents

(collectively "Defendants"). Specifically, the Kims' complaint alleged "denial of the right to due process of the tax law, administrative law, and record-keeping law of the United States," Compl. at 1, and "disregard of provisions of the tax law of the United States and regulations promulgated thereunder," Compl. at 2. For redress of these claimed violations, the Kims sought damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and what is commonly known as the Taxpayer Bill of Rights, 26 U.S.C. § 7433.[1]

The district court dismissed Counts 1 through 18—the *Bivens* claims—under Federal Rule of Civil Procedure 12(b)(1), holding it lacked jurisdiction to hear the Kims' claims against the Defendants in their official capacities, and under Rule 12(b)(6), for failure to state a claim because no *Bivens* remedy exists for claims against the Defendants in their individual capacities. *Kim v. United States*, 618 F. Supp. 2d 31, 37–40 (D.D.C. 2009). The district court also dismissed Counts 19 and 20 under Rule 12(b)(1), holding the two counts did not pertain to "collection activities" within the meaning of the Taxpayer Bill of Rights. *Id.* at 41. Alternatively, the district court dismissed Counts 19 and 20, along with Count 21, under Rule 12(b)(6) because the Kims failed to plead exhaustion in their complaint and failed to rebut the government's exhaustion defense. *Id.* at 42–43.

We affirm the judgment of the district court with regard to Counts 1 through 18 because no *Bivens* claim is available

---

[1] The proper name of the Act is the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, §§ 3000–3804, 112 Stat. 685, 726–83 (codified in scattered titles of the U.S.C.); however, we refer to it by its popular name throughout this opinion. *See Preslar v. Comm'r*, 167 F.3d 1323, 1327 n.2 (10th Cir. 1999).

against the Defendants in their official capacities and no *Bivens* remedy is available against the Defendants in their individual capacities. But we find, contrary to the holding of the district court, that Counts 19 (relating to liens and levies) and 20 (failure to provide notice of tax assessment) relate to "collection activities" under the Taxpayer Bill of Rights and are therefore within the subject-matter jurisdiction of the federal courts. That said, we affirm the district court's dismissal of Count 19 for lack of subject-matter jurisdiction, albeit for a different reason. Moreover, the Kims were not required to plead exhaustion pursuant to the Taxpayer Bill of Rights in order to survive the Defendants' motion to dismiss Counts 20 and 21. We therefore affirm the district court with respect to Counts 1 through 19, and reverse with respect to Counts 20 and 21.

We review *de novo* the district court's grant of a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), *Am. Fed'n of Gov't Emps., AFL-CIO, Local 446 v. Nicholson*, 475 F.3d 341, 347 (D.C. Cir. 2007), and for failure to state a claim under Rule 12(b)(6), *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Because jurisdiction is a threshold question, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998), we turn first to the district court's dismissals under Rule 12(b)(1).

II

A

To the extent the Kims asserted *Bivens* claims against the Defendants in their official capacities, the district court dismissed the claims under Rule 12(b)(1). *Kim*, 618 F. Supp. 2d at 37–38. It is well established that *Bivens* remedies do not exist against officials sued in their official capacities. *See*

*Clark v. Library of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984). We therefore affirm the district court with respect to its jurisdictional dismissal of Counts 1 through 18 as against the Defendants in their official capacities.

B

The district court concluded Counts 19 and 20 were subject to dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction because the challenged conduct was unrelated to "collection activity" as required by the Taxpayer Bill of Rights.

The Taxpayer Bill of Rights provides:

> If, *in connection with any collection of Federal tax* with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a) (emphasis added). Section 7433 applies only to collection-related activities. *See Miller v. United States*, 66 F.3d 220, 222–23 (9th Cir. 1995) ("[T]he assessment or tax determination part of the [Internal Revenue Code enforcement] process is not an act of 'collection' and therefore, not actionable under § 7433."); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994) ("Section 7433—by its specific words—allows a taxpayer to sue the government only . . . 'in connection with any *collection* of Federal tax with respect to a taxpayer'" (quoting 26 U.S.C. § 7433(a))); *Gonsalves v. IRS*,

975 F.2d 13, 16 (1st Cir. 1992) (per curiam) (holding that a plaintiff's claim based on "the government's refusal to give him a tax refund runs afoul of the clause in Section 7433 which says that a taxpayer may sue only if an IRS agent disregards a statute or regulation 'in connection with any *collection* of Federal tax.'"); *see also Rossotti*, 317 F.3d at 411 (stating in dicta, "[t]o be sure, § 7433 provides for a 'civil action' only for damages arising from the 'collection' of taxes").

Count 20 alleges violations of Internal Revenue Code § 6303. Section 6303 requires the Secretary to provide a taxpayer notice of assessment within sixty days of making the assessment. That notice must "stat[e] the amount [of an unpaid tax] and demand[] payment . . . ." 26 U.S.C. § 6303(a). Section 6303 appears in Chapter 64 of the Internal Revenue Code, which is aptly entitled "Collection." This placement is persuasive. Moreover, we think a demand for payment is certainly "in connection with any collection of Federal tax." That the demand is also a notice of assessment does not change this conclusion. A tax assessment is "essentially a bookkeeping notation," recording a taxpayer's liability. *Hibbs v. Winn*, 542 U.S. 88, 100 (2004) (internal quotation marks omitted). As such, the assessment serves as a "trigger" for administrative enforcement efforts such as tax liens or levies to collect outstanding taxes. *Id.* at 102. In contrast, a taxpayer receives a notice of assessment after his liability is set. The notice of assessment signifies the beginning of the Commission's enforcement efforts. Thus, the notice of assessment, unlike the assessment itself, is a precursor to the filing of a lien and the execution of a levy.

In addition, § 6303 requires notice of assessment "after the making of an assessment of a tax pursuant to section 6203." 26 U.S.C. § 6303. Unlike § 6303, however, § 6203 appears in the statutory chapter entitled "Assessment" and does not

require prior notice to the taxpayer. *See* 26 U.S.C. § 6203 ("Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.") Placement of the provision requiring notice of assessment in the chapter pertaining to "collection" is not happenstance. It strongly suggests the notice of assessment referred to in § 6303 pertains to collections, while those actions authorized under § 6203 do not. *See Miller*, 66 F.3d at 222 ("Because the statutory requirements of 'notice and demand' are under § 6303, chapter 64, Collection, 'notice and demand' is a collection procedure."). Thus, the provision of notice of assessment is a collection activity. Because Count 20 involves conduct in connection with collection, the district court improperly dismissed it for want of subject-matter jurisdiction.

Count 19 alleges violation of 26 U.S.C. § 6301 and the IRS Restructuring and Reform Act of 1998, which together require the Commissioner to develop and implement review and disciplinary procedures for an IRS employee's decision to file a notice of lien, levy, or seizure. Pub. L. 105-206, § 3421, 112 Stat. 685, 758. Like § 6303—the statutory section underlying Count 20—§ 6301 is also located in the IRC chapter on "Collection." The text of § 6301 provides, "[t]he Secretary shall *collect* the taxes imposed by the internal revenue laws." (emphasis added). And the 1998 amendment to § 6301 added provisions detailing procedures for executing liens, levies, and seizures on a taxpayer's property. Pub. L. 105-206, § 3421, 112 Stat. 685, 758. The process of executing liens, levies, or seizures on property inherently involves collection activity; the purpose of a lien, levy, or seizure is to collect assets in exchange for a debt owed. Accordingly, the procedures described in § 6301 also entail some collection activities.

But Count 19 suffers from another jurisdictional infirmity. As counsel conceded at oral argument, the Kims never alleged they experienced the effects of an improper lien, levy, or seizure. Or. Arg. Recording at 6:19–52. Thus, they lack the critical prerequisite of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see Sierra Club v. EPA*, 292 F.3d 895, 898–99 (D.C. Cir. 2002). Although counsel contends the Kims' failure to allege an injury should be excused because they proceeded pro se in the district court, Or. Arg. Recording at 6:52–7:42, we cannot construe their complaint so liberally. Because there was no indication in the Kims' complaint of an injury in the form of an improperly assessed lien, levy, or seizure—let alone an injury resulting from the Commissioner's failure to develop and implement review and disciplinary procedures for employee decisions to file a lien, levy, or seizure—the district court was correct in dismissing Count 19 for lack of subject-matter jurisdiction under Rule 12(b)(1).

## III

Having resolved the jurisdictional issues presented, we now turn to the dismissals for failure to state a claim.

## A

To the extent Counts 1 through 18 were based on the Kims' assertion of *Bivens* claims against the Defendants in their individual capacities, the district court dismissed these counts under Rule 12(b)(6), holding no *Bivens* remedy was available in light of the comprehensive remedial scheme set forth by the Internal Revenue Code. *Kim*, 618 F. Supp. 2d at 38–40. We agree with the district court's reasoning, *see Wilson v. Libby*, 535 F.3d 697, 705–10 (D.C. Cir. 2008) (discussing *Bivens* remedy after resolving jurisdictional

questions); *Munsell v. Dep't of Agric.*, 509 F.3d 572, 591–93 (D.C. Cir. 2007) (same), which is consistent with that of our sister circuits, *see Adams v. Johnson*, 355 F.3d 1179, 1185–86 (9th Cir. 2004); *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 408–13 (4th Cir. 2003); *Shreiber v. Mastrogiovanni*, 214 F.3d 148, 152–53 (3d Cir. 2000); *Fishburn v. Brown*, 125 F.3d 979, 982–83 (6th Cir. 1997); *Vennes v. An Unknown No. of Unidentified Agents of the U.S.*, 26 F.3d 1448, 1453–54 (8th Cir. 1994); *McMillen v. U.S. Dep't of Treasury*, 960 F.2d 187, 190–91 (1st Cir. 1991) (per curiam); *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1247–48 (10th Cir. 1989); *Baddour, Inc. v. United States*, 802 F.2d 801, 807–09 (5th Cir. 1986); *Cameron v. IRS*, 773 F.2d 126, 129 (7th Cir. 1985). We therefore affirm the district court's dismissal of Counts 1 through 18 for failure to state a claim.

B

We now turn to the district court's dismissal of Counts 20 and 21 under Rule 12(b)(6). The Kims contend the district court erred because under *Jones v. Bock*, 549 U.S. 199 (2007), exhaustion of statutory remedies is not a pleading requirement of the Taxpayer Bill of Rights. We agree.

In *Jones v. Bock*, prisoner Lorenzo Jones filed suit under 42 U.S.C. § 1983 claiming prison officials displayed deliberate indifference to his medical needs. 549 U.S. at 207–08. Because Jones was a prisoner at the time of his suit, he was required to exhaust prison grievance procedures under the Prison Litigation Reform Act ("PLRA") before filing suit. *Id.* at 202 (citing 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(a)). The district court dismissed Jones's suit and the Sixth Circuit affirmed, each concluding Jones failed to exhaust under the PLRA. *Id.* at 208–09. The Supreme Court reversed, holding

the lower courts' contrary conclusion "lack[ed] a textual basis in the PLRA," because nothing in the PLRA required Jones to plead exhaustion. *Id.* at 217 ("Given that the PLRA does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.'" (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993))).

In pertinent part, the PLRA "provides that '[n]o action shall be brought' unless administrative procedures are exhausted." *Id.* at 220 (quoting 42 U.S.C. § 1997e(a)) (alteration in original). The Court read "no action shall be brought" as boilerplate, often used as prefatory phrasing without "lead[ing] to the dismissal of an entire action." *Id.* In a similar vein, the Court described the PLRA's language authorizing dismissal of an action for "fail[ure] to state a claim upon which relief may be granted" as a "red herring," *id.* at 215 (citing 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1) (alteration in original)), because "[d]etermining that Congress meant to include failure to exhaust under the rubric of 'failure to state a claim' in the screening provisions of the PLRA would . . . not support treating exhaustion as a pleading requirement rather than an affirmative defense," *id.*

*Jones*'s focus on the text of the PLRA is instructive here. Section 7433 of the Taxpayer Bill of Rights provides that "[a] judgment for damages shall not be awarded . . . unless . . . the plaintiff has exhausted the administrative remedies available . . . ." 26 U.S.C § 7433(d)(1). As the Court in *Jones* read the phrase "no action shall be brought," we read the phrase "a judgment for damages shall not be awarded" as boilerplate. Nothing in the text of § 7433 "support[s] treating exhaustion as a pleading requirement rather than an affirmative defense." *Jones*, 549 U.S. at 215. If anything, the language

in the PLRA would have been a better candidate for a statutory pleading requirement as it mandated "no *action*" shall be brought, while § 7433 mandates "no *judgment*" shall be awarded.

In dismissing Claims 20 and 21, the district court held the Kims' failure to exhaust appeared on the face of the complaint and therefore, under *Jones*, the complaint was subject to dismissal under Rule 12(b)(6). In support, the district court pointed to the Supreme Court's quotation in *Jones* of a Third Circuit case stating that "'a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face.'" *Id.* (quoting *Leveto v. Lapina,* 258 F.3d 156, 161 (3d Cir. 2001) (alteration in original)). Thus, the parties' briefing and oral argument focused on whether the Kims' alleged failure to exhaust appeared on the face of their complaint.

It is evident to us that the Kims' alleged failure to exhaust did not appear on the face of the complaint. As the *Jones* Court explains, "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." *Id.*; *cf. Thompson v. DEA*, 492 F.3d 428, 438 (D.C. Cir. 2007) ("Further, even when failure to exhaust is treated as an affirmative defense, it may be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the exhaustion defense on its face."). Thus, when a statute does not explicitly require a plaintiff to plead exhaustion, *Jones* rejects a categorical rule in favor of an analysis of the complaint. "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Id.* Exhaustion in this case is not comparable to a statute of limitations defense in

which the allegations demonstrate both the time an action accrues and the time in which the suit was filed. Rather, to discern whether the Kims exhausted, the district court inevitably had to go beyond the face of the complaint and conduct further inquiry. *See generally* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1277 (3d ed. 2004).

District courts may refer to materials outside the pleadings in resolving a 12(b)(6) motion. But when they do, they must also convert the motion to dismiss into one for summary judgment. Fed. R. Civ. P. 12(d); *see also Wiley v. Glassman*, 511 F.3d 151, 160 (D.C. Cir. 2007); WRIGHT & MILLER § 1277. In converting the motion, district courts must provide the parties with notice and an opportunity to present evidence in support of their respective positions. Fed. R. Civ. P. 12(d), 56; *see also Glassman*, 511 F.3d at 160–61; WRIGHT & MILLER § 1277. Failure to present evidence of exhaustion at that junction would be fatal to the claim.

Because exhaustion is not a pleading requirement under the Taxpayer Bill of Rights, the Kims were free to omit exhaustion from their pleadings. And since the Kims did omit it from their pleadings, the district court necessarily was required to consider matters outside the pleadings to determine the validity of the Defendants' affirmative defense. It is true that the Kims' response to the motion to dismiss could have resolved the question. It is equally true that recalcitrance has been the Kims' primary litigation strategy. But a motion to dismiss may not compel full disclosure concerning efforts to exhaust; a summary judgment motion would.

In sum, we remand to the district court with instructions to provide the Kims the procedural safeguards mandated by Rule 12(d) and Rule 56 prior to converting a motion to dismiss to a

motion for summary judgment. At that point, the Kims will have been provided sufficient notice and opportunity, and any continued recalcitrance will find no comparable procedural safe haven. We note that because the district court's dismissal under Rule 12(b)(6) was in error, we need not reach the Kims' contention that 26 C.F.R. § 301.7433-1 is an interpretive regulation.

## IV

We affirm the district court's order insofar as it dismissed Counts 1 through 18 for want of subject-matter jurisdiction under Rule 12(b)(1) because no *Bivens* claim exists against the Defendants in their official capacities, and under Rule 12(b)(6) because no *Bivens* remedy exists against the Defendants in their individual capacities. We also affirm the district court's dismissal of Claim 19 under Rule 12(b)(1) because the Kims lack standing. We reverse the district court, however, to the extent it dismissed Count 20 as unrelated to "collection activity" under the Taxpayer Bill of Rights, and Counts 20 and 21 for failure to state a claim under Rule 12(b)(6) because the Kims were not required to plead exhaustion under the Taxpayer Bill of Rights. We therefore remand for further proceedings consistent with this opinion.

*So ordered.*