**Scott A. WHITTINGTON, Appellant**

v.

**UNITED STATES of America, Appellee.**

**No. 09–5141.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 29, 2011.

Scott A. Whittington, Woodland, WA, pro se.

Jonathan S. Cohen, U.S. Department of Justice, R. Craig Lawrence, Ronald C. Machen, Jr., U.S. Attorney's Office, Kenneth W. Rosenberg, U.S. Department of Justice, Washington, DC, for Appellee.

BEFORE: GINSBURG, TATEL, and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and the motions to govern future proceedings. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED,** for the reasons stated in the accompanying memorandum, that the district court's judgment dismissing appellant's amended complaint be affirmed in part and reversed in part. The dismissal of Counts 1 through 18, 20 through 26, 28, 29, 34, and 36 through 38 is affirmed. The dismissal of Counts 19, 27, 30 through 33, 35, and 39 is reversed, and the case is remanded to the district court for further proceedings.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM

■ Appellant brought suit against the United States for alleged wrongdoing by the Internal Revenue Service. The district court dismissed appellant's 39–count amended complaint on March 23, 2009. The district court properly dismissed Counts 1 through 18, 20 through 26, 28, 29, 34, 37, and 38 because they do not involve collection-related activities. *See Kim v. United States,* 632 F.3d 713, 716 (D.C.Cir. 2011) ("Section 7433 applies only to collection-related activities."). The district court did not abuse its discretion in denying appellant leave to amend some of these counts to assert *Bivens* claims because "no *Bivens* remedy was available in light of the comprehensive remedial scheme set forth by the Internal Revenue Code." *Id.* at 717; *see Gaubert v. Federal Home Loan Bank Bd.,* 863 F.2d 59, 69 (D.C.Cir.1988) ("[W]hen the amendments would not serve any purpose, the court is on solid ground in denying a motion for leave to amend."). Moreover, we note that Counts 20 through 26, 28, 29, 34, 37, and 38 of the amended complaint fail to allege any facts whatever and simply assert that the government disregarded entire parts of the Code of Federal Regulations, without any explanation of what the government did to violate these regulations. These counts therefore fail to " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests' " as required by Federal Rule of Civil Procedure 8(a)(2). *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Accord-

ingly, these counts were properly dismissed by the district court.

 The dismissal of Count 36, alleging a failure to certify notices of tax liens under state law, was also correct. Federal law governs the requirements for filing a notice of a federal tax lien, and federal law does not require that lien notices be certified. *See* 26 U.S.C. § 6323; *United States v. Union Cent. Life Ins. Co.,* 368 U.S. 291, 294, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961) (noting that state law cannot "prescribe the form or the contents of [the] notice [of a federal tax lien]"). Accordingly, this count was properly dismissed for failure to state a claim.

 The remaining counts of the amended complaint were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. In *Kim,* this court held that exhaustion is not a pleading requirement under the Taxpayer Bill of Rights and that, when a complaint is silent on the issue of exhaustion, "the district court inevitably [must] go beyond the face of the complaint and conduct a further inquiry." 632 F.3d at 718–19. For this reason, the district court's dismissal on exhaustion grounds was in error, as the government now concedes. The government asserts that some of the remaining counts may be affirmed on alternative grounds, but the government fails to sufficiently develop these arguments, which it raises for the first time on appeal. Because the government acknowledges that Counts 27 and 30 through 33 of appellant's amended complaint must be remanded, we also remand Counts 19, 35, and 39 upon which the government makes alternative arguments, without taking a position on the government's alternative arguments. Accordingly, the district court's dismissal of Counts 19, 27, 30 through 33, 35, and 39 is reversed, and these counts are remanded to the district court for further proceedings consistent with this court's decision in *Kim.*