**Michael Robert MARSOUN, Appellant**

v.

**UNITED STATES of America, Appellee.**

**No. 09–5019.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 30, 2011.

Michael Robert Marsoun, pro se.

Richard L. Parker, U.S. Department of Justice, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

BEFORE: GINSBURG, TATEL, and KAVANAUGH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and the motions to govern future proceedings. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED, for the reasons stated in the accompanying memorandum, that the district court's judgment dismissing appellant's amended complaint be affirmed in part and reversed in part. The dismissal of Counts 1 through 18 and 26 is affirmed. The dismissal of Counts 19 through 25 and 27 is reversed, and the case is remanded to the district court for further proceedings.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM

■ Appellant brought suit against the United States for alleged wrongdoing by the Internal Revenue Service. The district court dismissed appellant's 27–count amended complaint on December 23, 2008. The district court properly dismissed Counts 1 through 18 because "no *Bivens* remedy was available in light of the comprehensive remedial scheme set forth by the Internal Revenue Code." *Kim v. United States,* 632 F.3d 713, 717 (D.C.Cir. 2011). Any *Bivens* claims were also properly dismissed because the United States is not a proper *Bivens* defendant, and appellant's amended complaint fails to name any individual defendants. *See FDIC v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

■ The dismissal of Count 26, alleging a failure to certify notices of tax liens under state law, was also correct. Federal law governs the requirements for filing a notice of a federal tax lien, and federal law does not require that lien notices be certified. *See* 26 U.S.C. § 6323; *United States*

**6**

*v. Union Cent. Life Ins. Co.*, 368 U.S. 291, 294, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961) (noting that state law cannot "prescribe the form or the contents of [the] notice [of a federal tax lien]"). Accordingly, this count was properly dismissed for failure to state a claim.

■ The remaining counts of the amended complaint were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies. In *Kim*, this court held that exhaustion is not a pleading requirement under the Taxpayer Bill of Rights and that, when a complaint is silent on the issue of exhaustion, "the district court inevitably [must] go beyond the face of the complaint and conduct a further inquiry." 632 F.3d at 718–19. For this reason, the district court's dismissal on exhaustion grounds was in error, as the government now concedes. The government asserts that some of the remaining counts may be affirmed on alternative grounds, but the government fails to sufficiently develop these arguments, which it raises for the first time on appeal. Because the government acknowledges that Counts 19 through 23 and 25 of appellant's amended complaint must be remanded, we also remand Counts 24 and 27 upon which the government makes alternative arguments, without taking a position on the government's alternative arguments. Accordingly, the district court's dismissal of Counts 19 through 25 and 27 is reversed, and these counts are remanded to the district court for further proceedings consistent with this court's decision in *Kim*.