# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Decided February 8, 2013

No. 12-5013

CALVIN KI SUN KIM AND CHUN CHA KIM,
APPELLANTS

v.

UNITED STATES OF AMERICA, ET AL.,
APPELLEES

———

Appeal from the United States District Court for the District
of Columbia
(No. 1:08-cv-01660-CKK)

———

*Calvin K. Kim* and *Chun C. Kim*, pro se, were on the brief for appellants. *Joseph P. Drennan* entered an appearance.

*Kathryn Keneally*, Assistant Attorney General, U.S. Department of Justice, *Ronald C. Machen*, *Jr.*, U.S. Attorney, and *Michael J. Haungs* and *Gretchen M. Wolfinger*, Attorneys, were on the brief for appellees.

Before: GARLAND and BROWN, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: Since 2002, Calvin and Chun Kim on the one hand and the Internal Revenue Service on the other have been in regular correspondence regarding the Kims' alleged failure to file adequate tax returns between 1998 and 2002. This correspondence culminated in the Kims' filing suit in district court in September 2008. In a previous opinion, we discussed the factual and procedural background at length. See *Kim v. United States*, 632 F.3d 713, 714-16 (D.C. Cir. 2011).

In *Kim*, we affirmed the district court's dismissal of 19 counts of the Kims' original 21, but reversed and remanded on counts 20 and 21; as to those counts, the district court had granted the government's motion to dismiss on the basis of an affirmative defense which the Kims had had no obligation to contradict in their complaint. *Id*. at 719-20. On remand, the government moved again to dismiss the case, this time arguing that the Kims' suit was untimely under the applicable statute of limitations. See 26 U.S.C. § 7433(d)(3). The district court agreed, and dismissed the remaining two counts. *Kim v. United States*, 840 F. Supp. 2d 180 (D.D.C. 2012).

We understand the Kims' pro se appeal to contend that the government had waived the limitations defense by failing to raise it in its first dispositive motion. See Fed. R. Civ. P. 12(g)(2). The government responds that limitations defenses under § 7433 are conditions on a waiver of sovereign immunity and therefore jurisdictional and unwaivable.

We express no opinion on the government's jurisdictional argument and conclude instead that the government has not forfeited its limitations defense. Rule 12(g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense . . . that was available to the

party but omitted from its earlier motion." Thus the government was seemingly barred from raising the limitations defense in its second motion to dismiss. But Rule 12(h)(2)(A) permits a party to raise a legal defense "in any pleading allowed or ordered under Rule 7(a)," which in turn lists a number of pleadings including an answer to a complaint. See Fed. R. Civ. P. 7(a)(2). The government as yet has filed no answer, but could do so if we remanded. Thus we could reverse and remand, giving the government an opportunity to go through the formality of restating its limitations defense in an answer. But "[w]e can conceive of no reason for such judicial volleyball." See *Stanton v. DC Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997). As no forfeiture by the government has yet occurred, and resolution of the issue does not depend on any facts not in the record, addressing the issue here and now in no way prejudices the Kims. See *id*. at 76-77.

The merits of the limitations defense turn on whether the right of action underlying counts 20 and 21 accrued within two years of the Kims' filing the complaint in September 2008. 26 U.S.C. § 7433(d)(3). The Kims' claim is for certain statutorily forbidden types of communications by the IRS in connection with the collection of any unpaid tax. See *id*. §§ 6303 (describing the IRS's notice requirements for liability assessments); 6304(b) (prohibiting harassment or abuse "in connection with an unpaid tax"); 7433(a) (creating a damages remedy). None of the events the Kims allege to have occurred within the limitations period, however, is one that could trigger IRS liability under § 7433. The government's only communication with the Kims in that two-year period took the form of a "Letter 3175C," which is simply a "letter used . . . to respond to [a] frivolous filer who send[s] frivolous correspondence to [the] IRS." Internal Revenue Manual § 4.19.10.1.6 (Feb 24, 2011). The letter here was the antithesis of a collection effort: it was a narrow response to

the Kims' own correspondence, not an assertive effort to collect allegedly unpaid taxes—much less an abusive one.

We have also considered the Kims' argument that the statute of limitations should have been tolled and find it to be without merit. We accordingly affirm the district court's dismissal of the Kims' complaint in its entirety.

*So ordered.*