YING QING LU, et al., Appellants

v.

Mark LEZELL, Appellee.

No. 15–7028.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 12, 2016.

Rehearing En Banc Denied
March 28, 2016.* ·

Ning Ye, Law Office of Ning Ye, Flushing, NY, Randy McRae, Esquire, Law Office of Randy McRae, Largo, MD, for Appellants.

Peter L. Goldman, O'Reilly & Mark, P.C., Alexandria, VA, for Appellee.

Before: BROWN, PILLARD, AND WILKINS, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record and the briefs of the parties. *See* FED R.APP. 34(a)(2); D.C.CIR. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the judgment of the district court is affirmed.

This court reviews the district court's grant of a motion to dismiss under Fed. R.Civ.P. 12(b)(6) *de novo. Kim v. United*

States, 632 F.3d 713, 715 (D.C.Cir.2011). Similarly, we review a district court's grant of summary judgment *de novo. Pardo–Kronemann v. Donovan,* 601 F.3d 599, 604 (D.C.Cir.2010). Claims that were not raised or preserved in the district court are reviewed only for plain error. *See Salazar ex rel. Salazar v. District of Columbia,* 602 F.3d 431, 437 (D.C.Cir. 2010) ("courts *may* take notice of 'plain error[s]' not preserved below").

The district court correctly dismissed Lu's state-law claims. First, the district court correctly dismissed Lu's breach of contract claim as time-barred: Lu discovered the breach of contract sometime after May 29, 2008, but did not bring an action until late 2011—several months longer than the three-year statute of limitations. *Ying Qing Lu v. Lezell,* 919 F.Supp.2d 1, 5–6 (D.D.C.2013). Next, the district court dismissed Lu's breach of fiduciary duty claim, noting correctly that Lu conceded she did not properly plead the elements of a cognizable breach of fiduciary duty. *Id.* at 6–7. After defendants moved for summary judgment, the district court also found Lu's claims for civil conspiracy, negligence and fraud were time-barred. *Ying Qing Lu v. Lezell,* 45 F.Supp.3d 86, 93–95 (D.D.C.2014). For reasons that are not immediately apparent, most of the state law claims were not asserted on behalf of co-plaintiffs Afshan Afsharnia and Oklahoma Shelf Exploration Development Corp., who alleged more recent misconduct by the defendant. The district court did not err in dismissing any of these claims.

Likewise, the district court did not err in dismissing a juror before deliberation. During voir dire, one juror requested to be excused in order to attend a funeral. When it became apparent that court proceedings would last past the time of the

* Chief Judge Garland did not participate in this    matter.

scheduled funeral, and given other foreseen complications from an impending snow storm, the district court presented the issue to both parties. At the time, Lu's trial counsel did not raise any objection to excusing this juror. *See Yakus v. United States,* 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944) (holding that a claim may be forfeited if it is not timely asserted). An unpreserved claim is reviewed in our discretion only, and even then, for plain error. *Salazar ex rel. Salazar,* 602 F.3d at 437. The trial court neither committed error in excusing the juror, nor were Lu's rights affected—substantially or otherwise.

The district court did not commit plain error by declining Lu's proposed civil RICO jury instruction. The district court entertained proposals from both parties to modify or amend the proposed jury instructions. Lu's counsel proposed several changes, including several the district court accepted. Appellee App. at 652. Lu's counsel also requested the district court to instruct the jury that "RICO should be liberally interpreted." Appellee App. at 653. The district court, however, declined this modification because it was not "appropriate in a jury instruction." *Id.* Lu's counsel acquiesced without objection. *Id.* Again, because no objection was made at the time, we may review for plain error. And, again, we find no plain error in the district court's refusal to adopt the proposed jury instruction.

Finally, the district court did not err in refusing to send certain trial exhibits to the jury for its reference during deliberations because those exhibits were not admitted into evidence. "The general rule is that materials not admitted into evidence simply should not be sent to the jury for use in its deliberations." *See Baugh ex rel. Baugh v. Cuprum S.A. de C.V.,* 730 F.3d 701, 705 (7th Cir.2013) (citing *United States v. Holton,* 116 F.3d 1536, 1542 (D.C.Cir.1997)).

Pursuant to D.C. CIRCUIT RULE 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* FED R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).