# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-5265**

**September Term, 2024**

**1:23-cv-00326-TNM**

**Filed On:** March 26, 2025

Norman Douglas Diamond,

      Appellant

    v.

United States of America and Unknown
Employees of the United States,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Henderson, Millett, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion for appointment of counsel, it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's September 15, 2023 dismissal order and November 1, 2023 reconsideration order be affirmed.

First, appellant has not demonstrated any error in the district court's conclusion that the court was an improper venue for appellant's claims under 26 U.S.C. § 7422. See 28 U.S.C. §§ 1346(a)(1), 1402(a)(1). Nor has appellant shown that the district court abused its discretion in dismissing those claims instead of transferring them.

Second, appellant has not demonstrated any error in the district court's dismissal of his claims under 26 U.S.C. § 7433 for lack of subject matter jurisdiction because the claims as alleged were beyond the statute's limited waiver of sovereign immunity. See

Ivy v. Comm'r of IRS, 877 F.3d 1048, 1048, 1050 (D.C. Cir. 2017); Kim v. United States, 632 F.3d 713, 716–17 (D.C. Cir. 2011).

Third, appellant has shown no error in the district court's conclusion that his tort claims fell within the tax exception to the Federal Tort Claims Act's limited waiver of sovereign immunity and were beyond the court's jurisdiction. See 28 U.S.C. § 2680(c); Brownback v. King, 592 U.S. 209, 217 (2021). Appellant has failed to raise in his opening brief, and thus has forfeited, any challenge to the district court's conclusion that the Administrative Procedure Act, 5 U.S.C. § 702, and the Mandamus Act, 28 U.S.C. § 1361, do not provide jurisdiction for his tort claims. See Twin Rivers Paper Co. v. SEC, 934 F.3d 607, 615 (D.C. Cir. 2019).

Fourth, appellant likewise has failed to raise in his opening brief, and thus has forfeited, any challenge to the district court's dismissal of his requests for injunctive relief as barred by the Tax Anti-Injunction Act, 26 U.S.C. § 7421. See Twin Rivers, 934 F.3d at 615.

Finally, appellant also has not shown that the district court abused its discretion in denying his motion for leave to file a second sur-reply or in denying as moot his motion to correct the sur-reply. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's November 2, 2023, prefiling injunction order be affirmed. Appellant has forfeited any challenge to the prefiling injunction order by failing to raise it in his opening brief. See Twin Rivers, 934 F.3d at 615. Even if the opening brief's reference to appellant's prior litigation could be construed as an argument against the prefiling injunction, the issue is forfeited due to appellant's failure to develop any such challenge. See Gov't of Manitoba v. Bernhardt, 923 F.3d 173, 179 (D.C. Cir. 2019). Due to appellant's forfeiture, this decision does not address the propriety of the prefiling injunction. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's November 3, 2023 minute order be affirmed. Appellant has failed to raise, and thus has forfeited, any arguments challenging the district court's denial of his motion for return of a declaration. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-5265**                                    **September Term, 2024**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**