# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

OLHA NOHA,                              )
                                       )
      Plaintiff,            )
                                       )
      v.                    )    Civil Action No. 1:25-cv-01046 (UNA)
                                       )
UNION STATION WASHINGTON D.C.          )
FEMALE SECURITY GUARD,                 )
                                       )
                                       )
      Defendant.            )

## MEMORANDUM OPINION

Plaintiff, who has submitted 17 mostly cryptic complaints in this Court in less than four months, initiated this matter on April 7, 2025, by filing a *pro se* Complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. On May 1, 2025, the Court denied Plaintiff's IFP Application without prejudice because it failed to present information sufficient to assess her current financial circumstances, and it directed her to, within 30 days, file an amended IFP application. Since that time, Plaintiff has submitted an influx of submissions, including three Amended IFP Applications, ECF Nos. 4, 13, 18. Upon review, the Court grants Plaintiff First Amended IFP Application, ECF No. 4, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Maryland, sues an unnamed security guard who works at Union Station. *See* Compl. at 1–2. The Complaint is far from a model of clarity. From what can be discerned, Plaintiff alleges that, on November 25, 2025, she arrived at Union Station approximately six hours early for a bus she was planning to take to Baltimore. *See id.* at 4. She alleges that "the garage girl" spoke poorly to her and roughly escorted her out of the parking garage when she was unable to produce her bus ticket. *See id*. at 6. At some point, Plaintiff made her

way into the "ticket office," but she again could not produce a ticket for the cashier, and a security guard eventually apprehended her, removing her and placing her outside of the premises, informing her that she could not return to Union Station for a period of time. *See id*. at 6–7. She has since attempted to contact Union Station representatives about this incident but she has yet to receive a response. *See id*. at 8. Although the Complaint itself is silent as to the relief sought, another submission lists damages amounting to $7 million. *See* First Notice of Exhibits ("Not. I"), ECF No. 5.

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant Complaint falls

squarely into this category. The Complaint also fails comply with Federal Rule 8(d)(1), requiring that each allegation be "simple, concise, and direct."

Indeed, Plaintiff's flurry of filings in this case, many of which seek to amend and/or supplement the Complaint in piecemeal fashion, *see, e.g.*, Not. I; Second Notice of Exhibits ("Not. II"), ECF No. 10; Motion to Amend & Add § 1983 Claims ("MTA I"), ECF No. 11; Third Notice of Exhibits ("Not. III"), ECF No. 14; Motion to Amend & Add Three New Defs. ("MTA II"), ECF No. 16, only compound the Complaint's existing problems. "While a *pro se* litigant must of course be given fair and equal treatment, [s]he cannot generally be permitted to shift the burden of litigating his case to the courts." *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983) (cleaned up); *see Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a *pro se* party's position."). Where, as here, allegations are presented in a "disorganized and convoluted" manner, dismissal is appropriate for that reason alone. *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *12 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024).

Although, in her myriad submissions, Plaintiff sprinkles in legal terms and phrases, like "*Bivens*" and "Section 1983," the "Federal Tort Claims Act," and "the False Claims Act," suggesting legal claims, *see, e.g.*, Not. I; Not. II; Not. III; MTA I; MTA II, she has still fallen short of stating one. Notably, "allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, I*nc., 525 F.3d 8, 16 n. 4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint

needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

To start, to state a claim under *Bivens*, Plaintiff must allege that she was deprived of a constitutional right by a federal agent acting under color of federal authority. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395–97 (1971). Plaintiff has sued a security guard, but it is unclear that she is a federal agent. Assuming *arguendo* that the security guard is a federal agent, she is not identified by name, in contravention of D.C. LCvR 5.1(c)(1). Plaintiff has also since requested to add three Amtrak representatives as defendants, *see* MTA II, but even assuming that these proposed defendants are federal officials, it is unclear what wrongful actions they have allegedly committed, and in any event, there can be no *Bivens* claim against federal officers sued in their official capacities, *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011). Nor does Plaintiff articulate the deprivation of a protected right. In other words, "[e]vents may not have unfolded as Plaintiff wished, but h[er] dissatisfaction" cannot "form a basis" for a constitutional violation. *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015), *aff'd*, No. 15–70432015, WL 9012019 (D.C. Cir. Oct. 30, 2015).

Next, to state a claim under 42 U.S.C. § 1983, a complaint must allege facts sufficient to support a reasonable inference that (1) a state official (2) acting under color of state, territorial, or District of Columbia law (3) subjected a plaintiff or caused a plaintiff to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 829 (1985). Once again, the Court is unable to determine what fundamental right Plaintiff seeks to protect, and § 1983 "is not itself a source of substantive rights; rather, it is a method of vindicating federal rights conferred elsewhere." *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 192 (D.D.C. 2015) (citing *Albright v. Oliver*, 510 U.S. 266, 269–

70 (1994) and *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Nor does it appear that either the Defendant security guard or the proposed Amtrak defendants are state officials, and insofar as they are federal officials, § 1983 "does not apply to federal officials acting under color of federal law." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005).

Any potential Federal Tort Claims Act ("FTCA") claims also fail. An FTCA claim may only be brought against the United States itself, not against its components or officers. *See Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("Failure to name the United States as the defendant in an FTCA action requires dismissal for lack of subject-matter jurisdiction."); *see also* 28 U.S.C. § 2679(a). Here, Plaintiff has failed to sue the United States, as required. *See id.* Moreover, as far as it can by understood, Plaintiff alleges that the Defendant and proposed defendants harmed her intentionally, and the FTCA expressly exempts most intentional torts. *See Williams v. Wilkie*, 320 F. Supp. 3d 191, 198 (D.D.C. 2018), *appeal dismissed*, No. 18-5272, 2019 WL 1150043 (D.C. Cir. Jan. 9, 2019); *see also* 28 U.S.C. § 2680(h) (excluding "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.").

Finally, the False Claims Act ("FCA"), which is "an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government," *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003), bears no relevance to this matter, as presented. Moreover, a *pro se* plaintiff may not file an FCA action. *See Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see also Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government") (citing cases)); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732

(7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself.  He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants.").  Indeed, it is well established that "*pro se* parties may not pursue these actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015); *see Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (collecting cases and noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States").  This rationale is rooted in the well-founded principal that a *pro se* litigant can represent only herself in federal court.  *See* 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted).  Consequently, even if her FCA claims could be understood, Plaintiff has neither a constitutional nor a statutory right to pursue the claims of the United States, or anyone else, without counsel.

For these reasons, this matter is dismissed without prejudice.  Plaintiff's Motions to Amend Complaint, ECF Nos. 11, 16, are denied as futile, and his remaining pending Motions are denied as moot. A separate Order accompanies this Memorandum Opinion.

Date:   August 5, 2025

_____/s/_____
JIA M. COBB
United States District Judge