# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-5222

September Term, 2025

FILED ON: MAY 27, 2026

AMES RAY,

APPELLANT

v.

DONALD PRIVER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN EMPLOYEE OF THE INTERNAL REVENUE SERVICE, ET AL.,

APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:24-cv-01186)

Before: SRINIVASAN, *Chief Judge*, and PAN and GARCIA, *Circuit Judges*.

### <u>J U D G M E N T</u>

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. *See* D.C. CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the district court's order be **AFFIRMED**.

\*   \*   \*

This case concerns a suit for damages against federal officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff Ames Ray alleges that Internal Revenue Service agents violated his constitutional rights by falsifying evidence against him and maliciously prosecuting him for underpayment of taxes. The district court granted the defendants' motion to dismiss, finding that *Bivens* claims are unavailable in those circumstances. We affirm.

## I

Ray alleges the following facts. The IRS conducted an audit of Ray's 2014 tax return, which considered whether to penalize Ray for underpaying taxes as a result of negligence or

disregard of rules and regulations. Two IRS agents concluded that there was "insufficient evidence to support such a penalty." Am. Compl. ¶¶ 20, 22. But two other IRS employees—attorney Donald Priver and agent Jon Lawson—determined a violation had nonetheless been identified, so in 2016 the IRS issued Ray a notice of tax deficiency and sought to impose an underpayment penalty.

Ray brought an action in the Tax Court to challenge the deficiency notice and penalty. After several years of litigation—including an appeal to the Fifth Circuit—the Tax Court held that Ray did not owe any underpayment penalty. Although the case resolved in his favor, Ray requested IRS files regarding his audit under the Freedom of Information Act. Upon receiving those documents in 2022, Ray came to believe that Priver and Lawson had "maliciously prosecuted" him in the Tax Court and "falsified" or "fraudulently concealed" evidence. *Id.* ¶¶ 42–43.

Ray then filed this suit, claiming that Priver and Lawson violated his Fourth Amendment right against malicious prosecution and his Fifth Amendment right to a fair trial. He sought damages, as well as a declaration that the defendants had infringed his constitutional rights. The defendants moved to dismiss, and the district court granted their motion. The district court held that the implied cause of action for damages against federal officers recognized in *Bivens* does not extend to Ray's circumstances. *Ray v. Priver*, 2025 WL 1113406, at *3 (D.D.C. Apr. 15, 2025).

## II

"We review *de novo* the merits of a motion to dismiss for failure to state a claim upon which relief can be granted and assume the truth of the plaintiff's well-pleaded factual allegations in the complaint." *Statewide Bonding, Inc. v. DHS*, 980 F.3d 109, 114 (D.C. Cir. 2020).

Our analysis begins and ends with the availability of a *Bivens* remedy. In *Bivens*, the Supreme Court permitted a damages claim "for injuries consequent upon a violation of the Fourth Amendment by federal officials" despite the absence of any statute providing such a cause of action. 403 U.S. at 395. The plaintiff in *Bivens* alleged that federal law enforcement agents had unlawfully searched his home and used unreasonable force in doing so. *Id.* at 389. The Court reasoned that, under those circumstances, "it could authorize a remedy under general principles of federal jurisdiction." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017) (citing *Bivens*, 403 U.S. at 392). The Court took the same approach in two subsequent cases, allowing damages claims against a member of Congress for discrimination in violation of the Fifth Amendment and prison officials for cruel and unusual punishment in violation of the Eighth Amendment. *See Davis v. Passman*, 442 U.S. 228, 234 (1979); *Carlson v. Green*, 446 U.S. 14, 17 (1980).

More recently, the Supreme Court has instructed that "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'" *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (quoting *Ziglar*, 582 U.S. at 135). To determine if a *Bivens* claim is available, we first "ask whether the case presents 'a new *Bivens* context'" by assessing whether it is "'meaningful[ly]' different from the three cases" noted above—*Bivens* itself, *Davis*, and *Carlson*. *Id.* at 492 (quoting *Ziglar*, 582 U.S. at 139). "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*,

582 U.S. at 136).

At the first step, Ray's claim presents a new context for *Bivens* purposes. "What constitutes a 'new context' is exceedingly broad," *Buchanan v. Barr*, 71 F.4th 1003, 1008 (D.C. Cir. 2023), encompassing such factual differences as "the rank of the officers involved," "the constitutional right at issue," or "the statutory or other legal mandate under which the officer was operating," *Ziglar*, 582 U.S. at 140. Ray's constitutional theories—malicious prosecution and violation of the right to a fair trial—were not at issue in *Bivens*, *Davis*, or *Carlson*. And as the district court explained, "Ray's claims also concern a different category of defendants (IRS employees) operating under a different statutory mandate (the Internal Revenue Code)" than the defendants in those cases. *Ray*, 2025 WL 1113406, at *3.

Ray counters that on some occasions, other courts of appeals have found that malicious-prosecution or falsification-of-evidence claims do not present new *Bivens* contexts. But even assuming those decisions are consistent with current Supreme Court precedent, they involve facts much closer to those in *Bivens*. Several, like *Bivens*, involved "line officers" accused of violating constitutional rights "while carrying out their routine police duties" in the field. *Jacobs v. Alam*, 915 F.3d 1028, 1038 (6th Cir. 2019); *see also Hicks v. Ferreyra*, 965 F.3d 302, 311 (4th Cir. 2020) ("Just as in *Bivens*, Hicks seeks to hold accountable line-level agents of a federal criminal law enforcement agency, for violations of the Fourth Amendment, committed in the course of a routine law-enforcement action."). Such circumstances are a far cry from what Ray has alleged: constitutional violations by IRS employees in the course of investigating and litigating a potential civil tax violation. At least one other circuit has allowed, under *Bivens*, a claim regarding the execution of a search warrant that police obtained "by deliberately misleading the judge." *Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 562 (7th Cir. 2022). That case too hewed closer to the facts in *Bivens* than this case, as it centered on an allegedly unconstitutional physical search. None of these authorities establish, as Ray suggests, the principle that any case involving "fabrication of evidence" does "not present a new context." Appellant's Brief 22.

Ray further argues that *Thompson v. Clark*, 596 U.S. 36 (2022)—which recognized that malicious-prosecution claims are cognizable under the Fourth Amendment—shows that the malicious-prosecution claim here "is not in fact a new *Bivens* context." Appellant's Brief 17. But *Thompson* involved a suit against local police officers under 42 U.S.C. § 1983, not a *Bivens* suit against federal officials. *See* 596 U.S. at 42. Ray contends that this distinction is irrelevant because "[t]he constitutional standard" announced in *Thompson* for identifying a Fourth Amendment violation "is not tethered to the identity of the defendant." Appellant's Brief 25. That may well be true when it comes to the merits of a constitutional claim, but our *Bivens* analysis focuses instead on the existence of a cause of action in the first place.

Because Ray's claim arises in a new *Bivens* context, we turn to the second step and ask whether special factors counsel against recognizing a cause of action here. The concept of "special factors"—like that of a new context—is "interpreted broadly." *Buchanan*, 71 F.4th at 1008. The Supreme Court has explained that Congress's provision of "alternative remedial structures" is "reason enough" to deny a *Bivens* remedy. *Egbert*, 596 U.S. at 493. On that front, our precedent is clear: The Internal Revenue Code provides a "comprehensive remedial scheme" that counsels against permitting *Bivens* claims against IRS employees. *Kim v. United States*, 632 F.3d 713, 717

3

(D.C. Cir. 2011); *True the Vote, Inc. v. IRS*, 831 F.3d 551, 556–57 (D.C. Cir. 2016). Accordingly, "no *Bivens* remedy [is] available" against IRS employees for constitutional violations allegedly committed in the course of their tax enforcement duties. *Kim*, 632 F.3d at 717. Indeed, *Kim* identified cases from nearly every court of appeals holding similarly. *Id.* at 717–18. The fact that the remedies available under the Internal Revenue Code may not include money damages does not alter this analysis.[1] *See Egbert*, 596 U.S. at 497 (finding "alternative remedies" in the form of an administrative "grievance procedure"); *id.* at 498 ("[T]he question whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts.").

Ray argues that the existence of a remedial scheme for tax-related issues does not constitute a special factor here because he has alleged "fraud committed on a court." Appellant's Brief 37. And in Ray's view, "egregious conduct" that is "*ultra vires*" "falls outside the IRS remedial structure." *Id.* at 38. But Ray cites no authority holding that such circumstances warrant departing from the usual special-factors analysis. Under the established *Bivens* framework, the Internal Revenue Code's remedial scheme is a special factor counseling against "infer[ring] a new *Bivens* cause of action" in this case. *Egbert*, 596 U.S. at 493 (quoting *Ziglar*, 582 U.S. at 137). We decline to carve out from that framework an exception that would presumably apply to many claims of unconstitutional conduct by federal officers.

\*     \*     \*

For the foregoing reasons, the district court's order is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**Per Curiam**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk

---

[1] Ray cites a Southern District of New York case holding that "[t]he Internal Revenue Code does not provide a sufficiently comprehensive scheme to preclude damages against [federal-officer] defendants." *Zherka v. Ryan*, 52 F. Supp. 3d 571, 579 (S.D.N.Y. 2014); *see* Appellant's Brief 42–43. But that case predates *Ziglar* and *Egbert*, seemingly conflicts with D.C. Circuit precedent, and has not been consistently followed even within the Southern District of New York. *See Modest Needs Found. v. Bianco*, 2017 WL 3130416, at \*13 & n.20 (S.D.N.Y. July 21, 2017).

4